### MARY FREUND

*v.*

### MICHAEL FREUND.

[Decided May 15th, 1906.]

1. *P. L. 1902 p. 508 § 20* provides that, in case a husband, without any justifiable cause, shall abandon his wife, and refuse or neglect to maintain her, the court of chancery may decree such suitable maintenance as the nature of the case requires.—*Held,* that where a husband finally separated himself from his wife, and neglected to care for and support her, his act constituted an abandonment within such act, though the wife in the meantime recovered a decree for separation and separate maintenance against him in another state.

2. A decree for future maintenance of a wife subject to subsequent modification is not a final judgment within the full faith and credit clause of the federal constitution.

3. In a suit by a wife to recover maintenance against her husband, as authorized by *P. L. 1902 p. 508 § 20*, she cannot recover as additional relief an amount due for maintenance under a foreign judgment.

4. Where, in a suit by an abandoned wife for separate maintenance, as provided by *P. L. 1902 p. 508 § 20*, she pleaded a foreign decree granting her a separation from her husband and a weekly allowance for support, and it appeared that the court rendering such decree had jurisdiction of the parties and subject-matter, such decree was conclusive evidence of the husband's abandonment from the date therein fixed, and was sufficient to establish the abandonment alleged.

Heard on bill, answer, replication and proofs.

*Mr. Moses J. De Witt* and *Mr. Edgar A. Martin* (of the New York bar), for the complainant.

*Mr. Thomas S. Anderson,* for the defendant.

EMERY, V. C.

The bill is filed by complainant, a resident of New York, against her husband, who resides in this state, for maintenance and support. The bill sets up an abandonment by the husband in New York (where they both resided) previous to February, 1884, when she brought suit against him in the city court of Brooklyn, and that on February 28th, 1884, by the judgment of that court, they were separated from bed and board, and it was adjudged that the husband pay to her $5 per week during her natural life for her support and that of their infant son, then eleven years of age. The husband appeared and defended in the New York suit, and after the judgment paid the alimony adjudged, until December, 1889, when he left the State of New York, and has since paid nothing for her support, nor has he communicated with her. From that time his place of residence was unknown to complainant, until May, 1904, when she discovered that he was living in Newark, New Jersey, and, as she charges, in adultery with another woman, who passed as his wife, and with whom he is still alleged to be living. On these facts

the bill prays the relief of support and maintenance prescribed by the twentieth section of our Divorce act (*P. L. 1902 p. 508*), and also a decree for the amount due under the New York judgment. On a demurrer to the bill it was claimed that no relief under our statute could be given, for the reason that the judgment in New York decreed a separation from the wife, which the defendant was from that time obliged to continue, and he did not therefore "without any justifiable cause abandon his wife or separate himself from her, and refuse or neglect to maintain and provide for her," within the meaning of our statute. Vice-Chancellor Stevens overruled the demurrer on this point, on the ground that "abandonment" under the statute meant "a forsaking entirely" of, or "removing entirely" from, the wife, and such "abandonment" occurred when the husband failed to perform the duties of a husband still incumbent on him under the judgment, viz., to support her and to be true to her. He also said that a suit in this state could be sustained to enforce the payment of the amount due under the New York judgment. He cites on this point *Bullock* v. *Bullock,* 52 *N. J. Eq.* (*7 Dick.*) 571 (*Court of Errors and Appeals, 1894*), and *Bullock* v. *Bullock, 57 N. J. Law* (*28 Vr.*) 508 (*Supreme Court, 1895*), as authorities for suits at law on judgments for alimony where the divorce was absolute. The marital relation still existing, he held that the suit must be in equity. The objection taken on demurrer, that there was no "abandonment" under our statute, is renewed on final hearing, but must be overruled for the reason given by Vice-Chancellor Stevens. A further objection, not considered on the demurrer or in the Bullock cases, is now raised to a recovery of the amount alleged to be due on the decree. It appears by the record of the judgment, now offered in evidence, that it was expressly provided in the judgment that should any event occur materially changing the condition of the parties, or either of them, application might be made for such modification as might be just. This clause of the judgment was not set out in the bill, and on the demurrer its effect was not considered, and it is now claimed that the amount of alimony for the future being thus subject to modification, the amount fixed by the decree or order is not a final judgment as to the amount, nor recover-

able as such. *Bullock* v. *Bullock, supra, 57 N. J. Law (28 Vr.)*
*508,* was heard on a demurrer to a declaration based on a judg-
ment of the New York supreme court for future alimony at $100
a month, upon which judgment $1,600 was alleged to be due,
and an allegation was made in the declaration that the defendant
had promised to pay the amount due. It did not appear that the
judgment, either by express terms or by the law of the State of
New York, was subject to modification, and the effect of such
power of modification upon the finality of the judgment was not
considered. The only point debated was whether an action at
law could be maintained on a decree in equity, and the question
was held to be settled affirmatively by the previous decision in
*Bullock* v. *Bullock, 57 N. J. Eq. (7 Dick.) 561.* In this case, on
demurrer to a bill to establish the same judgment for alimony
as a lien on lands in New Jersey, this relief was refused, and
the retention of the bill for the payment of the alimony was also
refused upon the ground stated by Mr. Justice Magie (at *p. 567*),
that "if by the direction to pay alimony an indebtedness arises
from time to time, as such payments become due, an action at
law will lie thereon, and the decree will furnish conclusive evi-
dence of such indebtedness." The question of the finality of a
decree for the payment of money which was subject to modifica-
tion by the court which made it was not touched, nor could it
have been raised, because the judgment in the *Bullock Case* was
for an absolute divorce, and at the time this decree was made in
1892 and until the act of 1900 (*P. L. 1900 ch. 742*) no power
existed in the courts of New York to modify the alimony de-
creed to the wife on an absolute divorce, unless it was reserved
on the final decree. *Livingston* v. *Livingston, 173 N. Y. 377, 380*
*(1903).* If, however, the power to modify was reserved in the
decree, the court under this reservation could modify the decree
for future alimony on an absolute divorce in case of change of
circumstances. *Galusha* v. *Galusha, 138 N. Y. 272, 284 (1893).*
And at the time of the complainant's decree in the present case
(February, 1884), the court, independent of its reservation in
the decree, had no statutory power, after the entry of a final
decree in an action for limited divorce, to modify the allowance
then given for her support by the final decree. *Erkenbrach* v.

*Erkenbrach, 96 N. Y. 456, 463 (October, 1884).* This power of modification in actions for separation was first given by the *Code Civ. Pro. § 1771,* as amended by *P. L. 1895 ch. 891 (Tonjes v. Tonjes, 43 N. Y. Supp. 941),* and as to absolute decrees by *P. L. 1900 ch. 742,* amending section 1759 of the code.

The decree for future alimony being thus subject to future modification, it was not a final judgment within the full faith and credit clause of the federal constitution. *Lynde* v. *Lynde, 181 U. S. 183 (1900).* This case decides that where, either by the decree itself or the statute, a provision for future alimony is subject to the discretion of the court, and the decree or its amount may be modified by the court, it is not, as to the amount of alimony, a final judgment for a fixed sum, such as comes within the protection of the full faith and credit clause of the federal constitution and statutes. This decision controls the earlier decision in *Barber* v. *Barber, 21 How. 582 (585),* relied on by the complainant on this point, and overrules it if it be inconsistent. In the New York court of appeals the court, in deciding the *Lynde Case, 162 N. Y. 418,* distinguished the *Barker Case* for the reason that the answer admitted the finality of the decree for alimony as to the amount alleged to be due thereon, and the United States supreme court, in affirming the decision of the New York court of appeals in the *Lynde Case,* made no comment on the *Barber Case.*

Whether, independent of the full faith and credit clause, and as a matter of comity, decrees of this character, subject to future modification, will be enforced by actions at law or in equity so long as they remain unrevoked or unaltered, has not been expressly decided in this state. In the courts of some states they have been enforced, but many of the decisions are rested on the full faith and credit clause, and being rendered before decision in the *Lynde Case,* these decisions are to this extent overruled by that case. The authorities are collected in *1 Whart. Confl. L. (3d ed.) p. 525 § 239c.* In a later case, *Wagner* v. *Wagner (R. I.), 57 Atl. Rep. 1058 (1904),* recovery of the future alimony on such decree, so long as it was unrevoked, was allowed on the basis of comity. These provisions are provisions for maintenance and are not usually considered as property or property rights,

and in the absence of special circumstances more than one year's arrears will not be enforced by the court which made the decree. *Kerr* v. *Kerr (1897), 2 Q. B. 439,* cited in *Lynde* v. *Lynde, 64 N. J. Eq. (19 Dick.) 736, 757 (Court of Errors and Appeals, 1902).* In view of this practice it is evident that the questions of the right of action in another court upon such decrees, and the nature of the defences to such action, and the extent of recovery, are matters for such consideration that a decision should not be made upon them in the present case unless necessary. I will not now pass on the question, for the reason that, in my judgment, the present bill must be treated purely as a bill for alimony under our statute, and the decree must be confined to this relief. The bill in this aspect is a bill to enforce a purely statutory right against the defendant, now a resident of this state, and the complainant cannot, in my judgment, have any additional relief to which she may be entitled by reason of the amount due on the New York judgment, or any other property right or claim. For relief on such independent claim she must be remitted to her separate and independent action, and the prayer for this relief will therefore be denied, but without prejudice.

Treating the bill as a bill purely for alimony under the statute, the New York decree set out in the bill is evidence of the wife's right thereto, as was said by Mr. Justice Dixon in a similar case, *Van Orden* v. *Van Orden, 58 N. J. Eq. (13 Dick.) 545 (Court of Errors and Appeals, 1899),* and the first question is how far it is conclusive on this point.

This judgment was rendered by a court having jurisdiction in a cause in which the defendant appeared and defended, denying the abandonment, and I think the judgment is conclusive evidence of the abandonment by the husband at the time therein fixed (December, 1881), and sufficiently proves a case of abandonment then commencing. If the former judgment for abandonment had been recovered in this state it would have been conclusive evidence of the abandonment and of the time of its occurrence in a subsequent suit for desertion. *Smith* v. *Smith, 55 N. J. Eq. (10 Dick.) 222, 225 (Vice-Chancellor Pitney, 1897).* And under the federal constitution and laws, the judgment in New York having been rendered by a court having jurisdiction

34

of the parties and the subject-matter, and after a trial on the merits, is conclusive upon the issues determined as the foundation for the judgment of divorce or separation. *Bullock* v. *Bullock, 52 N. J. Eq. (7 Dick.) 561, 567, 575 (Court of Errors and Appeals, 1894)*; *Bullock* v. *Bullock, 57 N. J. Law (28 Vr.) 508 (Supreme Court, 1895)*. The same effect is given to such decrees for future alimony in the State of New York. *Lynde* v. *Lynde, 162 N. Y. 405, 418 (1900)*. Independent of the full faith and credit clause the general principle recognized by all courts is, that in a subsequent action between the same parties as plaintiff and defendant, involving the same issues as those of a former action, the judgment in the former suit, whether in a domestic or foreign court, is an estoppel as to the issues actually litigated and determined in the first section. *Cromwell* v. *County of Sac, 94 U. S. 351, 353 (1876)*; *2 Black Judg.* § *610; Lazier* v. *Westcott, 26 N. Y. 146, 151 (1862)*.

The present action of complainant is brought for support under our statute, alleging abandonment continuing from before the commencement of the New York suit (1884) up to the filing of the present bill. The judgment in the New York suit is conclusive evidence of the abandonment from 1881 to the time of the judgment, and complainant by setting out this judgment in her bill and claiming the benefit of it will be entitled to the estoppel so far as it is such. If she had not claimed this benefit in the bill, but had only offered it in evidence as proof, it might perhaps have been claimed that the benefit of an estoppel was waived, and the judgment would have been only *prima facie* evidence, subject to be contradicted. The continuance of the abandonment since the decree, by defendant's failure to pay the alimony directed, his removal from the jurisdiction of the New York court, and the concealment of his residence from complainant since 1889 and until 1904, is proved by complainant and her son and is not denied by the defendant, who offers no evidence on his own behalf on this point. The complainant has also in this suit, by her own evidence, proved the original abandonment as found by the judgment in the New York suit, and even if the New York judgment should not be held to be conclusive proof on this point, it is certainly corroborative evidence, and in con-

nection with her own evidence and that of her son, as to the circumstances of the discontinuance of the alimony, is sufficient to make out under our statute a case for relief existing at the time of the filing of the bill. As to the amount of alimony, I fix this at $5 per week, to run from the date of filing the bill, as there has been no alimony *pendente lite*. Alimony from the date of filing bill is within the discretion of the court. *Burr* v. *Burr, 7 Hill 207 (Court of Errors, 1843)*; *Forrest* v. *Forrest, 25 N. Y. 501, 514 (1862)*; *Burrows* v. *Purple, 107 Mass. 428, 435 (1871)*. And this practice has been approved in our courts. *Glasser* v. *Glasser, 28 N. J. Eq. (1 Stew.) 22 (Chancellor Runyon, 1877)*.

I will advise a decree for the payment of the amount thus due at the date of the decree, and for the payment of $5 per week thereafter. Costs and counsel fee, which I will fix at the time of settling the decree, will also be given.