Irma Pahy, the present appellant, filed a petition for divorce against her husband, John, the present respondent, basing her right to a decree upon the ground that her husband had been guilty of adultery. The following facts are not disputed. The parties were married in 1912, and lived together in New Jersey until November, 1922. In that month the petitioner left her husband and went to Hungary, where she remained for some time, returning in July, 1924. After her return she lived with her husband for a few days, and he then left her, went to Chicago, took up his abode there, then moved to Salt Lake City, where he remained a short time, and then took up his residence in Nevada. After having lived in the latter state for the statutory period provided by the laws thereof, he instituted divorce proceedings against his wife in the second judicial district court of that state. Jurisdiction over the petitioner was obtained by publication in accordance with the statute of that state. A true copy of the summons was also served upon her at her residence in New Jersey. The case in due course came on for trial, Mrs. Pahy not being present, and the hearing resulted in the granting of a divorce to the present respondent. About a month after he had obtained his divorce he left Nevada and went to New York to live, and about two weeks after he took up his residence in that state he married again. The charge of adultery made by Mrs. Pahy is based upon the theory that the decree of divorce granted to the present respondent was obtained by fraud, and was, therefore, a *Page 540 
nullity; and that, consequently, the woman with whom he went through the marriage ceremony in New York was an adulteress because of her living with him as his wife. The hearing in the present case resulted in a dismissal of the petition filed by Irma Pahy against the present respondent upon the ground that the proofs preponderated in favor of the conclusion that the respondent did not take up his residence in the State of Nevada for the purpose of obtaining a divorce; that the Nevada court had jurisdiction over the parties; and that the decree of that court was not procured by the present respondent through any fraud perpetrated upon it.
Mrs. Pahy has appealed from this decree of dismissal, and the argument before us in support of the appeal is that the decree was erroneous because the proofs submitted in the court of chancery fully supported the contention of the appellant that her husband took up his residence in Nevada solely for the purpose of obtaining a divorce from her, and without any intention of becoming a permanent resident of that state; that he fraudulently concealed this fact from the Nevada court; and succeeded in obtaining a decree divorcing him from his wife as the result of such fraudulent concealment. Our examination of the proofs sent up with the appeal satisfies us that they do not support this contention. It may be conceded that they raise a suspicion that the purpose of the husband in going to Nevada was to obtain a divorce and that he had no intention of becoming a permanent resident of that state; but mere suspicion is not enough to justify treating the decree of the Nevada court as a nullity. The law is settled in this state that, where the court in which the divorce was obtained has jurisdiction over the subject-matter and its powers are limited to the granting of relief to a resident of the state, its adjudication that the complainant is such resident is final, unless it is made to appear that the court was led to this conclusion by fraud perpetrated upon it by the complainant; and that fraud is a fact that will never be presumed, but must always be clearly and convincingly proved. *Page 541 
For lack of such proof in the present case, we conclude that the decree dismissing the complainants' petition should be affirmed.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.
For reversal — None.