This suit was brought by a creditor of defendant Robert Newman in which complainant was later joined by the trustee in bankruptcy of Robert Newman. The bill alleges in substance that Robert Newman, in order to defraud the original complainant, acquired a piece of real estate known as the Knollwood Inn, but took title in the name of his wife, the defendant Olga Newman, and that from the proceeds of this property and other moneys of Robert Newman other parcels of real estate were purchased in the name of Olga Newman. The bill alleges that Olga Newman was a mere dummy for her husband, that she had no property or earnings of her own, and that she participated in the fraudulent concealment of the assets of her husband.
The origin of complainants' claim was an automobile accident which occurred in New York in 1919. Suit was instituted in New York on February 10th, 1920. Complainant recovered a judgment in the New York action, whch was contested in 1924. The New York judgment was sued on in the Bergen county circuit court, and a judgment recovered therein on January 3d 1930, for some $13,000. Process in the suit now before this court was filed December 24th, 1929, and the defendants herein were served on January 15th, 1930. This suit was heard on an amended and supplemental bill setting forth these facts.
The relief prayed for is that the conveyances be declared fraudulent and that Olga Newman be decreed to hold the properties and the proceeds of their sale in trust for Robert Newman, to be subjected to the payment of the judgment of the complainant Margaret Kerlinger.
Fraud is never presumed, but always has to be strictly proven.Feickert v. Feickert, 98 N.J. Eq. 444; Pahy v. Pahy,107 N.J. Eq. 538. This requirement, in my opinion, has not been met, and the bill therefore must be dismissed.
Complainant presented little or no evidence bearing directly on the issues, but did produce a large mass of details from which the inference of fraudulent concealment was sought to be made. The defendants denied the fraud, and *Page 12 
testified that all the property in question was the individual property of Olga Newman, and that at no time did Robert Newman have any interest in them. They explained satisfactorily all the material circumstances, and I give credence to their testimony. Certain facts and circumstances which were clearly proven, give such corroboration to their testimony as to control my findings. It was shown that Olga Newman had money of her own even before her marriage in 1916, that she had a personal bank account and continued to earn money from then on. Therefore, she had a fund account of which she could personally acquire property. The Knollwood was purchased in 1921, while suit was pending against Robert Newman. If Robert Newman, as the real but secret owner of this property, had taken title in his wife's name for the purpose of defrauding complainant, it seems certain that he would have concealed his other assets. Yet it was shown that he did business in his own name, had automobiles and substantial bank deposits in his own name long after the purchase of the Knollwood property. These established facts are utterly inconsistent with the allegations of the complainant.
A decree will be advised dismissing the bill.