BEATRICE S. SHAPIRO, petitioner,

*v.*

ISIDORE SHAPIRO, defendant.

[Decided May 22d, 1935.]

*Mr. Henry S. Waldman,* for the petitioner.

*Mr. Samuel P. Bernhaut* and *Mr. Perry Belfatto,* for the defendant.

Conclusions of FRANCIS CHILD, advisory master.

This is a motion by the defendant to strike the petition for divorce and set aside the citation issued thereon, on the ground that the parties are not husband and wife because of the fact that the defendant husband procured a decree of divorce from the petitioner in the State of Nevada on October 27th, 1930.

The parties were married in the State of New York on September 8th, 1929, and lived together in that state until February 27th, 1930, when they separated. On July 15th, 1930, the defendant left the State of New York for the State of Nevada, where he procured his decree for divorce.

It does not appear that there was any written or other appearance entered by the present petitioner in the suit insti-

tuted against her in the State of Nevada, neither was there any service of process upon her within the State of Nevada.

It is charged and not denied that after obtaining a decree for divorce in Nevada the defendant came almost immediately to the State of New Jersey, where he has since resided.

The petitioner sets out the statement in her petition for divorce that the defendant had procured his decree of divorce in the State of Nevada, and that the decree of divorce obtained by him in that state was obtained by fraud perpetrated upon the courts of the State of Nevada. This allegation is proper under the practice set out in *Feickert* v. *Feickert, 98 N. J. Eq. 444; 131 Atl. Rep. 576.*

The defendant in support of his motion to strike the petition contends that this court has no jurisdiction to review or set aside the decree of divorce obtained by the defendant in the State of Nevada, because the fraud, if there was any, was not committed upon the courts of this state, neither party being a resident of this state at the time of the entry of the Nevada decree.

The motion to strike has been substituted for a demurrer, and upon such a motion all of the well pleaded facts of the petition are assumed to be true for the purposes of motion. It is the court's duty to determine whether upon the facts stated in the petition, the petitioner shows a legal cause of action, and if such legal cause of action is shown, and the court has jurisdiction over the subject-matter, and over the parties, the motion must be denied.

Following the rule above referred to, namely, that all of the facts set out in the petition against which this motion is addressed are true, the defendant, for the purposes of this motion, admits that he went to Nevada to procure a divorce, and that in procuring the same he perpetrated fraud upon the courts of that state.

The position of the defendant is that even admitting the fact that he has committed a fraud, that the courts of this state are without jurisdicion because of the fact that when the alleged fraud was committed, neither party was a resident of this state. He relies upon the case of *Floyd* v. *Floyd, 95 N. J. Eq. 661; 124 Atl. Rep. 525,* in which case the husband

filed a bill of complaint, seeking to set aside a decree of divorce obtained by his wife in the courts of Nevada, when neither the husband nor the wife was a resident of the State of New Jersey at the time the Nevada decree was entered. In the *Floyd Case, supra,* the court of errors and appeals directed that the bill of complaint filed by the husband be dismissed, one of the reasons being that the courts of this state will not exercise indirectly or in any other way appellate jurisdiction over the decisions or judgments of a sister state.

The *Floyd Case,* however, in my opinion does not sustain the position taken by the defendant. At page 663, Mr. Justice Kalisch said:

"For it is quite plain what the complainant seeks by his bill is a review of the validity of a judgment of a court of general jurisdiction of the State of Nevada by our court of chancery, in a *direct proceeding* instituted for that special purpose. But even if it be conceded that such a course of procedure was permissible, nevertheless, it is quite apparent that it is only available to one who has legal status, which the complainant obviously did not have, since the domicile of both hubsand and wife was in the State of Pennsylvania and there was no *res* in this state which could be properly dealt with by the court of chancery."

The present case is similar to the case of *Fried* v. *Fried,* *99 N. J. Eq. 106; 132 Atl. Rep. 674,* in which case an Illinois decree of divorce was attacked not directly, but because it was sought to be made the foundation of a defense. In this case Vice-Chancellor Buchanan (at *p. 108*) said:

"It is immaterial that New Jersey was not the state of matrimonial domicile at the time of the separation of the parties or at the time of the Illinois decree. Being a personal action [maintenance] it must needs be brought in the state where the husband is located. The husband was served here and admittedly resides here and has appeared and defended generally."

The present case is not, strictly speaking, an action *in personam.* It is an action *in rem,* as the petitioner is seeking a divorce.

The court admittedly has jurisdiction over the defendant. He is a resident of this state and was duly served.

In *Freund* v. *Freund, 71 N. J. Eq. 524; 63 Atl. Rep. 756; affirmed, 72 N. J. Eq. 943; 73 Atl. Rep. 1117,* the parties were domiciled in New York. The husband deserted his wife and came to New Jersey. The wife, while still a resident of New York, instituted a suit for maintenance against him, and was awarded a decree.

This court has jurisdiction over the main cause because the defendant is a resident of this state, and also has juris-diction over the secondary question as to the validity of the Nevada decree, interposed as a defense, and may consider the validity of that decree as it did in *Fried* v. *Fried, supra.*

The decree of divorce held by the husband is not entitled to recognition under the full faith and credit clause of the federal constitution, because the foreign court had not jurisdiction over both of the parties, nor over the matrimonial domicile. Service of process upon the defendant within the confines of the state in which the decree is rendered is an essential requisite. *Haddock* v. *Haddock, 201 U. S. 562.*

The only exception to this requirement is that where the matrimonial domicile is in the state in which the decree has been entered, then jurisdiction may be had by a substituted service. *Thompson* v. *Thompson, 226 U. S. 551; Watkinson* v. *Watkinson, 67 N. J. Eq. 142; 58 Atl. Rep. 384;* reversed on other grounds, *68 N. J. Eq. 632.*

Neither is this court bound by principles of comity to recognize the validity of the decree obtained by the defendant in the present case.

"It is a fundamental principle of general jurisprudence that a divorce can be granted only in the state wherein the status on which it operates, has a situs. And it is also entirely settled that the jurisdiction of the adjudging court, whether over the parties or the subject-matter, may be inquired into and determined by the court in which the judgment is sought to be enforced. *Thompson* v. *Thompson, 89 N. J. Eq. 70* (at *p. 76*); *103 Atl. Rep. 856; Fairchild* v. *Fairchild, 53 N. J. Eq. 678; 34 Atl. Rep. 10; Magowan* v. *Magowan, 57 N. J. Eq. 322; 39 Atl. Rep. 364.*"

There is no reasonable distinction between the case of a wife who attacks the validity of a foreign decree in a main-

tenance suit, and a case in which she attacks the foreign decree interposed as a defense in a suit brought by her for absolute divorce.

To hold that the courts of this state have not, in a wife's suit for divorce, the right to inquire into the validity of a decree for divorce, held by a husband, where such a decree is sought to be interposed by the husband as a defense, and where the decree held by the husband has been obtained in a state in which the parties have never had a matrimonial domicile, and where there had been no personal service within the state, or appearance by attorney or otherwise, would be so manifestly unjust that such a proposition is inconceivable. Such a holding would encourage those who obtain fraudulent foreign decrees to seek this state as a haven of refuge.

It may well be that the defendant in this case may be able to show, at the trial, such circumstances as may cause this court to recognize the binding effect of the Nevada decree, but he is not entitled *in limine* to strike the petition for divorce filed by the petitioner, and is not entitled to have the service of process set aside.

The application to strike out the petition and set aside the service of the citation will be denied.