ISADORE GREENSAFT, complainant-respondent,

*v.*

ANNA GREENSAFT, defendant-appellant.

[Argued February 5th, 1936.   Decided April 24th, 1936.]

*Mr. Joseph Fishberg* (*Mr. Samuel D. Ferster,* of the New York bar, on the brief), for the respondent.

*Messrs. Simon & Cohen,* for the appellant.

The opinion of the court was delivered by

LLOYD, J.

The bill in this case was filed by the husband to restrain his wife from prosecuting an action for divorce in the courts of the State of Arkansas, and further to restrain the conveyance or encumbrance by her of certain described lands alleged to have been purchased with his moneys and title taken in the name of the wife.   To this bill an answer was filed and the cause proceeded to hearing and final decree.   By the decree a divorce, which had been obtained in the Arkansas court pending the present proceedings, was declared null and void, and the wife was directed to apply to the Arkansas court to secure the vacation of the decree entered therein.

The defendant appeals and the principal ground urged for reversal is that the trial court was without jurisdiction to entertain the bill and to grant the relief.

While the bill contains allegations of a trust relation in the property and prays relief respecting it, the decree makes no order affecting the interest of the complainant therein, but deals wholly with the divorce that had at the time of the decree been entered in the State of Arkansas.

It is apparent we think that the allegations of the bill concerning the property rights are not in good faith, but were introduced solely for the purpose of inducing the court of chancery to assume jurisdiction respecting the divorce proceedings in a sister state. That this is true is evident from the facts that it is not pressed in the cause as a basis of relief, the decree (presumably drawn by counsel for the complainant) contains no reference to the property, and at the conclusion of the case it was stated without contradiction that the properties were under foreclosure and that neither husband nor wife would derive any benefit from them.

In this situation it is unnecessary to determine whether the title to the land and the alleged trust respecting the same were so related to the matter of the divorce in Arkansas as to enable the court of chancery to adjudicate on the validity of the decree in that cause.

It follows that the jurisdiction of the court to deal with the foreign divorce must rest if at all upon the residence in this state of either one or the other of the parties. This has been decided so many times in this state that it seems hardly necessary to cite authority. One of the latest cases is that of *Floyd* v. *Floyd, 95 N. J. Eq. 661,* where under similar conditions this court declared as follows: What the complainant seeks by his bill is a review of the validity of a judgment of a court of jurisdiction of the State of Nevada by our court of chancery in a direct proceeding instituted for that special purpose. But even if it be conceded that such a course of procedure were permissible, nevertheless, it is quite apparent it is only available to one who has a legal status which complainants did not have since the domicile of both

husband and wife was in the State of Pennsylvania and there was no *res* in this state which could be properly dealt with by the court of chancery.

With residence a condition precedent a glance at the proofs will establish that the court below was without authority to enter the decree appealed from. Neither of the parties to this litigation was resident in the State of New Jersey when the suit was instituted. The bill alleges and the proofs establish that the complainant at that time, and at the time the proofs were taken, was a resident of the State of New York. It further appeared that the parties had lived in Belmar until the latter part of 1931 when the complainant moved to New York. Later the wife went to Arkansas, in which state she lived when the bill was filed.

If for any reason the wife has acquired a residence in another state, and actually resides there as appears from the proofs in the present cause, or if, as otherwise would be the case, the wife's domicile follows that of her husband (*Floyd* v. *Floyd, supra*), it is clear that in either event she could not be a resident of New Jersey. Neither party being a resident of this state, they were not subject to the jurisdiction of the court of chancery, and the bill should have been dismissed.

The decree is reversed, and the bill dismissed, with costs.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, Wolfs-Keil, Rafferty, JJ. 12.