[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 272 
Plaintiff seeks separate maintenance. Defendant contends that his obligation to support plaintiff was dissolved by a Nevada decree of divorce, obtained by *Page 273 
him in uncontested proceedings upon service made outside the State of Nevada. He contends also that plaintiff is guilty oflaches.
The parties were married in 1920. Two children were born of the marriage. Their support is not here involved. The parties lived together in New York City until January, 1934, when defendant abandoned his family and moved to New Jersey. Defendant contributed nothing to plaintiff's support for at least the past eight years. Off and on during these years plaintiff was on relief.
It need not be considered whether laches may constitute a defense in proceedings of this kind. It is sufficient to state that there is no evidence to support the assertion. Defendant so successfully concealed his precise whereabouts that plaintiff was able to catch up with him on but two occasions since his abandonment of her and the two children in 1934. She first located him in New Jersey in 1939, whereupon he moved. She next located him in the latter part of 1947, again in New Jersey. Shortly after the service of process in this cause, defendant departed for Phoenix, Arizona, where he now claims to be domiciled. Certainly, laches could not be found in these circumstances.
The issues which remain are (1) whether this court has jurisdiction to determine the effectiveness here of the Nevada decree, and (2) whether on the evidence the decree is entitled to recognition in these proceedings.
Defendant asserts that neither party was domiciled in New Jersey at the time of the Nevada proceedings and from that factual premise contends that this court cannot consider a challenge to the Nevada decree.
Plaintiff was never here domiciled. It is clear that from January, 1934, the time of the abandonment, until January, 1939, defendant was domiciled in New Jersey. He claims that he then acquired a domicil in Illinois. I am not persuaded that he did.
His testimony indicates that when he left New Jersey in January, 1939, for Chicago, he had the provisional intention of residing there permanently only if a certain business opportunity *Page 274 
proved to be what he hoped it would be. He lived at a hotel. In a few months he was convinced that the business opportunity was not satisfactory. In May, 1939, he came to New York City to attend to matters pertaining to an estate of a relative. In June, 1939, he returned to Chicago where he remained for a few days. He thereafter visited Salt Lake City for a short time and thence journeyed to Nevada where he arrived early in July, 1939. Six weeks later he instituted divorce proceedings. He obtained a decree on October 14, 1939. He then returned to New Jersey and eight days after the decree married again in this state. Defendant concedes that from the time of his return he was domiciled in our state until his recent removal to Arizona.
But if he did acquire a domicil in Illinois in 1939, that circumstance would be of no moment here. If we were to accept defendant's contention that only the state in which one of the parties was domiciled at the time of the foreign decree may refuse recognition to it in a proceeding of that kind, it would follow that a husband could effectively prevent a judicial determination of his marital obligation to furnish support by the simple expedient of obtaining a divorce elsewhere than in the state of original domicil on a fictitious claim of domicil and thereafter remaining outside its borders. A proposition so unjust will not be accepted in the absence of some overwhelming consideration. None is suggested and none occurs to me.
Defendant asserts that Floyd v. Floyd, 95 N.J. Eq. 661 (E. A. 1924) and Greensaft v. Greensaft, 120 N.J. Eq. 208(E. A. 1936) support his position. I do not agree. In both cases the plaintiff was the husband and the sole object of the action, as found by the court, was to obtain a declaration of the invalidity of a foreign decree. In both cases the court found that neither party was here domiciled either at the time of the foreign action or at the time of the New Jersey suit. It was held that in those circumstances our courts could not review the validity of the foreign decree in a proceeding instituted for that special purpose. In part, at least, those cases rested upon the view, then current, that jurisdiction to deal with the marriage relation depended upon the situs of the *Page 275 
matrimonial res determined upon an inquiry as to fault. That test of jurisdiction under the full faith and credit clause was abandoned in the cases of Williams v. North Carolina,317 U.S. 287 (1942) and 325 U.S. 226 (1945), and today domicil in fact on the part of either party is the controlling criterion. Whether on the facts of Floyd and Greensaft cases it would today be held that the defendant wife was in fact domiciled in New Jersey and that her domicil here would be a sufficient jurisdictional basis for the type of action there brought, need not be considered. It is sufficient to say that neither case goes the length of holding that where a husband is in fact domiciled here at the time of proceedings for maintenance, he may set up a foreign decree of divorce as a defense and foreclose an inquiry as to the jurisdiction of the foreign court to make the decree.
The consideration which underlies the holding of the Floyd
and Greensaft cases is that, if neither party is domiciled in this state at the time of the original or subsequent proceedings, our courts should not deal with the matrimonial status. Where, however, a wife seeks to enforce in personam a right to maintenance arising out of the marital relation, a very different consideration looms above all others. That consideration is that unless her right is adjudged in the state in which she can effect service, she is without a practical remedy. If we should deny a hearing with respect to the foreign decree, we would offer a haven for husbands who are willing to travel to unload an obligation at a distant point upon a fictitious claim of domicil and constructive service. The problems arising out of travel for divorce are vexing and the solution is not yet at hand, but we are convinced that the position advanced by the defendant would aggravate the hardships which confound this situation.
Whether the Nevada decree offended an interest of the State of New Jersey is here of no significance. What is involved is an assertion of a right in personam by an individual party to the contract. When our courts enforce that right, they in no way assert an interest of this state; they merely enforce a personal claim of a litigant, no different in this *Page 276 
connection from any other type of a personal claim which a non-resident submits to our courts in a proceeding against a defendant personally within our jurisdiction. When the defendant predicates a defense upon a foreign judgment, the plaintiff may challenge the jurisdiction of the court which gave the judgment. A matrimonial decree is here indistinguishable from any other judgment.
There can be no doubt that our courts have jurisdiction of an action for maintenance brought by a non-resident. Freund v.Freund, 71 N.J. Eq. 524 (Ch. 1906), aff'd 72 N.J. Eq. 943 (E. A. 1907). Our jurisdiction to deal with that cause of action is not impaired by the circumstance that a defense is asserted which rests upon a foreign decree. Upon challenge, the jurisdiction of the foreign court must be examined. This conclusion is persuasively established by Fried v. Fried,99 N.J. Eq. 106 (Ch. 1926) which in all essentials fits this case. See also Shapiro v. Shapiro, 13 N.J. Misc. 788 (Ch.
1935) (not officially reported); Greenspan v. Greenspan,19 N.J. Misc. 153 (Ch. 1941) (not officially reported);Sherman v. Federal Security Agency, 166 F. (2d) 451(C.C.A.3d, 1948). I find nothing in the recent opinions of the United States Supreme Court which militates against this view.
We come therefore to the ultimate question whether the Nevada decree is entitled to recognition in these proceedings. The Nevada determination of the jurisdictional fact of domicil made in an uncontested action is not conclusive upon our courts.Williams v. North Carolina, 325 U.S. 226 (1945). We are free to make our own finding upon the facts.
Defendant relies upon Pahy v. Pahy, 107 N.J. Eq. 538 (E. A. 1931). The course of travel pursued by defendant so matches the itinerary of Pahy that one wonders whether he travelled with the Pahy opinion in hand. Plaintiff relies upon Perlman v.Perlman, 113 N.J. Eq. 3 (Ch. 1933); Di Brigida v. DiBrigida, 116 N.J. Eq. 208 (E. A. 1934); Sprague v.Sprague, 131 N.J. Eq. 104 (E. A. 1942); and Cox v.Cox, 137 N.J. Eq. 241 (E. A. 1945). *Page 277 
The facts show the usual sojourn and the institution of suit after the minimum statutory period of residence prescribed by Nevada law. Defendant testified that he intended to engage permanently in business in Nevada. His roots there did not extend beyond obtaining a driver's license; some attempts to sell his employer's product, and residence at a local Young Men's Christian Association. He left Nevada immediately after acquiring the decree and remarried in New Jersey eight days later. He testified that he sought to persuade his new wife to return to Nevada with him but she refused to do so and they therefore remained in New Jersey. She did not testify.
The facts convince me that defendant went to Nevada for the sole purpose of obtaining a divorce preliminary to an immediate re-marriage. Whether his domicil at the time of departure for Nevada was Illinois or New Jersey, I am satisfied that defendant did not intend a permanent adherence to Nevada. I accordingly find that the Nevada court did not have jurisdiction to make a decree binding upon this court in these proceedings.
Plaintiff seeks an adjudication that the Nevada decree is null and void. It is not within the competency of the courts of one state to adjudge that a decree of a sister state is a nullity. We cannot tell Nevada what effect she may give to her own decree. The limit of our power is to adjudge that the Nevada decree is not entitled to recognition in this state as against plaintiff. That will be the judgment here.
The evidence shows that plaintiff is unemployed. She claims to be unable to work because of poor health. Defendant states that he is self-employed but is not presently making any money. The records of his former New Jersey employer show that in 1946 he earned $3775.00; in 1947, $3525.00; and for the first five months in 1948, $3247.03. On the present record, the amount of maintenance is fixed at $25.00 a week. Counsel fee of $350.00 and costs are allowed to the attorneys for plaintiff.
Judgment conforming to these determinations will be signed on notice. *Page 278