25 N.J. Super. 220 (1953)
95 A.2d 768
THERESA F. MIELE, PLAINTIFF,
v.
JOSEPH MIELE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 13, 1953.
*222 Mr. Sidney C. Swirsky (Mr. Samuel H. Nelson, appearing), attorney for the plaintiff.
Messrs. Bilder, Bilder & Kaufman (Mr. Nathan Bilder, appearing), attorney for defendant.
TOMASULO, A.M.
The parties in this litigation were divorced by a decree of divorce of the State of Nevada. The relevant portion of the decree which furnishes the background for the instant controversy reads as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the agreement of the parties, entered into on the 6th day of August, 1946, copy of which agreement was introduced in evidence in this cause and marked Plaintiff's Exhibit "A," is, under all of the circumstances, fair equitable and just; that the parties thereto entered into the same freely and voluntarily, with a full knowledge of the financial circumstances of each other; that said agreement be and the same is hereby approved, adopted and confirmed; that the parties thereto, the plaintiff and the defendant, respectively, be, and they hereby are, decreed and orderd to abide thereby and to perform the obligations thereof; that by said agreement all rights of property of the parties are settled and adjusted and are decreed in accordance therewith; that the right of the plaintiff to separate support and maintenance, past, present and future, is adjusted by said agreement, and is hereby decreed in accordance therewith; and that each of the parties hereto have judgment against the other according to the terms of said agreement."
*223 The parties are in agreement that the provisions of the decree have been and are being fully complied with. Plaintiff instituted this litigation seeking alimony and support and grounded her action upon N.J.S. 2A:34-23. This matter now comes before me upon a notice of motion for summary judgment in favor of the defendant. In support of the motion, defendant has submitted proofs which disclose that the decree of divorce in Nevada was a final one and that no further proceedings on said decree were capable of being had subsequent to the entry thereof. Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638 (Sup. Ct. 1919). The defendant contends, therefore, inter alia, that the Nevada decree is entitled to full faith and credit under our state and Federal Constitutions and that by reason thereof, the defendant is entitled to a judgment.
It is elementary that a wife is not entitled to alimony merely because she obtains a decree of divorce; that alimony is not a matter of independent claim or an absolute right, but depends upon the statute for its validity and the granting thereof rests in the sound discretion of the court. It is evident that the plaintiff's judgment is on its face a final one, and it is so referred to in the complaint and the answering motion of the defendant. It is admitted that the Nevada court in which this matter was heard and disposed of had jurisdiction over the parties as well as the subject matter of the suit.
For the purposes of the conclusions which I reach herein, the jurisdiction of that court was obtained in the manner and in substantial conformity with the conditions prescribed in N.J.S. 2A:34-9 to 2A:34-12 of our Divorce Act. Consequently, plaintiff's final judgment is entitled to full faith and credit in this State as is specifically set forth in N.J.S. 2A:34-22; Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 1097, 92 L.Ed. 1429 (1948); Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451 (1948). Robison v. Robison, 9 N.J. 288, at 291 (1952); Bates v. Bodie, 245 U.S. 520, 38 S.Ct. 182, 62 L.Ed. 444 (1918); Yarborough v. Yarborough, 290 U.S. 202, 54 S.Ct. 181, *224 78 L.Ed. 269 (1933); Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944); Sutton v. Leib, 342 U.S. 402, 72 S.Ct. 398, 96 L.Ed. 352 (1952); O'Loughlin v. O'Loughlin, 6 N.J. 170 (1951); Lynn v. Lynn, 302 N.Y. 193, 97 N.E.2d 748 (Ct. App. 1951) and Helvering v. Fuller, 310 U.S. 69, 60 S.Ct. 784, 84 L.Ed. 1082 (1940); Schneider v. Schneider, 103 N.J. Eq. 149, 142 A. 417 (Ch. 1928). The phrase "full faith and credit," as it is used in this section, is subject to the same interpretation as is applied to that phrase as it now appears in Article IV, Section I of the Federal Constitution; the Federal Constitution "Full Faith and Credit" clause compels this State to give a decree of divorce of a sister state the same force and effect as it has in the jurisdiction wherein it was rendered. But this does not mean that such decrees shall be given any greater faith or credit in a sister state than they would be accorded in the state where taken. Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867 (1906); Roche v. McDonald, 275 U.S. 449, 48 S.Ct. 142, 72 L.Ed. 365 (1928). In Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 6, 83 L.Ed. 26 (1938), Mr. Justice Butler, speaking for the court, said that Article IV, Section I of the Federal Constitution is interpreted to mean, "not some but full credit." (Italics mine.)
In Robert v. Hodges, 16 N.J. Eq. 299, 305 (Ch. 1863), it was held that if the foreign court where the judgment was recovered had jurisdiction over the parties and of the subject matter of the suit, its conclusiveness cannot be questioned in the forum of another state where it is sought to be enforced. See also Nichols v. Nichols, 25 N.J. Eq. 60, 63, (Ch. 1874). And, as was said in Freund v. Freund, 71 N.J. Eq. 524, 63 A. 756 (Ch. 1906), affirmed by 72 N.J. Eq. 943, 73 A. 1117 (E. & A. 1907):
"Independent of the full faith and credit clause, the general principle recognized by all courts is, that in a subsequent action between the same parties as plaintiff and defendant, involving the same issues as those of a former action, the judgment in the former *225 suit, whether in a domestic or foreign court, is an estoppel as to the issues actually litigated and determined in the first action." (Italics mine.)
Proof of the law of Nevada applicable to the issue here involved is supplied by the affidavit of a duly admitted and practicing attorney of that state. Proof in that manner is proper. Tradesmen's Nat. Bank & Trust Co. v. Cummings Bros. Co., 9 N.J. Misc. 1333 (Sup. Ct. 1931).
The judgment in question is not subject to appeal and in it no future rights or powers were reserved for complainant. Unlike decrees of this court, it contains no provision for "until further order."
While it is true, as has often been said by our courts, that New Jersey will not be permitted to become a haven for errant husbands who seek it out for the purpose of avoiding their just obligations to their wives and families, Conwell v. Conwell, 3 N.J. 266, 69 A.2d 712 (1949), the converse is likewise true that New Jersey will not be suffered to become a resort for wives whose matrimonial ties to their spouses have been severed in other jurisdictions and who, lacking further remedies there because of the finality and conclusiveness of the judgment entered in the litigation, seek out the New Jersey courts as a forum for additional relief not available in the foreign forums.
My conclusion is that defendant's present application should be granted for the reason that to give full faith and credit to her foreign judgment precludes the right to modify it in this jurisdiction; that for this court to attempt to in any wise tamper with the judgment would be to destroy it as a judicial mandate of a foreign court of competent jurisdiction. I interpret the statute, supra, to mean that what relief is denied to plaintiff in Nevada cannot be supplied by this court.