Miller *v.* Miller.

---

ELIZABETH G. MILLER

*v.*

FREDERICK MILLER.

After the testimony in a divorce suit has been taken, and the pleadings and proofs submitted to the court for final determination, the complainant may be allowed to amend her bill and to submit further evidence so as to obtain a decree for permanent alimony in case she ultimately succeeds in obtaining a decree for divorce.

On bill for divorce.

*Mr. W. D. Holt*, for complainant.

*Mr. G. D. W. Vroom*, for defendant.

BIRD, V. C.

This is a suit for divorce brought by the wife. The prayer of the bill is that the marriage may be dissolved according to the statute, and for general relief. Testimony has been taken, and the pleadings and proofs submitted to the court for final determination. After this had been done, the complainant asked leave to so amend her bill by proper allegations and a proper prayer, as to enable her to submit proofs and obtain a decree for permanent alimony, in case the principal prayer of her bill should be granted. The motion so to amend is resisted at this stage of the cause, it being claimed that it is too late to ask such a favor of the court.

In support of this resistance, several cases were cited, which, upon general principles, quite clearly support the defendant. But we are now dealing with a case in which, not only is a married woman interested in a controversy with her husband, but also the public, to some extent; so that if liberality of construction in the application of the rules respecting amendments, in order to settle controversies in a single suit, and to save costs, can in any instance be sustained, it would seem that it can be in this case. The complainant, in case this application should be refused, could move to dismiss her bill, which could not result in any advantage to the defendant, since the court would not award him costs against his wife, and since, also, such motion would be allowed, undoubtedly, without prejudice to filing a new bill. Hence, from a practical standpoint, is it in any sense the duty of the court to compel the parties to incur the same expense which has been already incurred in taking the testimony again upon the principal charge in the bill? One thing is clear to every person at all familiar with proceeding, both at law and in equity, that is, that amendments are seldom refused at any time before final decree when they become necessary to make complete, and to settle finally in that same controversy, all the rights and interests

Miller *v.* Miller.

of the respective parties, pertaining to that controversy, when such amendments can be made without prejudice. In this case,. if the complainant is entitled to the decree that she now asks. for, she then may also be entitled to a decree for alimony ; this is a right that she ought not to be deprived of, nor ought she to be put to unnecessary expense or delay in securing it, especially since the burden of that expense would, probably, fall upon the defendant himself.

But, whatever my own individual judgment may be as to the proper practice, I think the court of errors and appeals in *Butler* v. *Butler, 11 Stew. Eq. 626,* has made the path for me a very plain one. In that case, the husband filed his petition for divorce. The cause was heard *ex parte,* and he obtained a final decree. Application was made by the wife to open the decree on the ground of surprise and fraud. The decree was opened and finally reversed by the same court which granted the original decree. The wife then sought to become the actor, and to have the benefit of a petition in the same cause for alimony. This the husband resisted, and moved to have his own petition dismissed upon the payment of all costs and charges against him. The petition of the wife for alimony was entertained, and the motion of the husband to be dismissed was refused. It was found that such course had been favored in England. *Schira* v. *Schira, L. R. (1 Prob. & Div.) 466.* It was said, in that case, that so to do was more favorable to the husband in saving him costs than for the wife to commence *de novo.* I shall advise an order to amend in accordance with these views.