ELIZABETH WILBER, petitioner,

*v.*

JOSEPH WILBER, defendant.

[Decided December 19th, 1918.]

1. Leave to file a defensive pleading in a divorce case out of time is allowed very much as a matter of course.

2. A solicitor who appeared and filed a pleading for a wife in a divorce suit which was heard and dismissed, will not be ordered to withdraw from a subsequent divorce suit between them in which he has appeared and filed a pleading for her husband, as any confidential information imparted by the wife to her former solicitor, now the solicitor of her husband, touching the facts of the previous cause, is not available in the later suit now pending, because the facts of the former one are *res judicata* and cannot be projected into the pending suit, and because the facts in the present one have arisen since the termination of the relation of solicitor and client between the present solicitor of the husband, who was the solicitor of the wife in the adjudicated cause.

On motion for leave to file an answer to a cross-petition in a divorce suit out of time, and to compel the husband's solicitor to withdraw because he had formerly been the wife's solicitor in another divorce suit between the same parties.

*Mr. Peter A. Peterson,* for the motion.

*Mr. Thomas Brown, contra.*

WALKER, CHANCELLOR.

This suit is one for divorce, the petition being filed by Peter A. Peterson, Esq., as solicitor for petitioner. An answer and cross-petition was filed for the defendant by Thomas Brown, Esq., as solicitor. Application is made on behalf of the petitioner for leave to file an answer to the cross-petition out of time, and also for an order directing defendant's solicitor to withdraw from the case, upon the ground that the defendant, Joseph Wilber, formerly commenced an action for divorce in this court against the petitioner, Elizabeth Wilber, who says in her affidavit supporting the present motion that in the former suit she

"engaged Thomas Brown, a solicitor of this court, to defend her, and the said suit was afterwards dismissed by this court * * *; that while said Thomas Brown was solicitor for this deponent (Mrs. Wilber) in the cause aforesaid, he obtained much valuable confidential information from this deponent which might have a tendency to damage or injure her in this cause."

Inspection of the files of the former suit (*Joseph Wilber* v. *Elizabeth Wilber, 34, 56*) discloses the fact that a petition for divorce was filed by Mr. Wilber against Mrs. Wilber on August 29th, 1911. The charge was desertion said to have commenced on August 25th, 1909, and which was alleged to have willfully, continuedly and obstinately persisted for more than two years then last past. On November 1st, 1911, Mrs. Wilber, by Thomas Brown, Esq., solicitor, filed an answer and cross-petition in that suit. The answer denied the desertion complained of, and, on the contrary, charged that the petitioner deserted

the defendant on the 10th of August, 1909, which desertion was alleged to have willfully, continuedly and obstinately persisted for more than two years then last past. This desertion was by the answer and cross-petition alleged to have been both actual and constructive. The issue thus raised was referred to Vice-Chancellor Stevens, and the last paper in the case is a designation setting down the cause for hearing on April 25th, 1912. Mr. Brown, for the present defendant, who files no papers on this motion, asserts that Vice-Chancellor Stevens denied the relief prayed for by both parties; and this coincides with the statement in Mrs. Wilber's affidavit that the case was dismissed by the court. The suit will be considered as having been dismissed at the time of the hearing, and a decree of dismissal may now be entered *nunc pro tunc* as of that date. Considering the decree as entered, it is an adjudication that neither party was entitled to relief touching the matters pleaded by them; and this is *res judicata. Smith* v. *Smith, 55 N. J. Eq. 222; Freund* v. *Freund, 71 N. J. Eq. 524; affirmed, 72 N. J. Eq. 943.*

The petition in the present case (*Elizabeth Wilber* v. *Joseph Wilber, 45, 181*) was filed by Mrs. Wilber through Peter A. Peterson, Esq., as solicitor, on June 25th, 1918, more than six years after the termination of the former suit. It is grounded upon adultery alleged to have been committed by the defendant on June 1st, 1917, and on divers subsequent dates. To this the defendant filed an answer by Thomas Brown, Esq., solicitor, on September 26th, 1918. It denies the adultery charged, and, by way of cross-petition, alleges that in the month of July, 1909, the petitioner deserted the defendant and that for more than two years last past the petitioner has willfully, continuedly and obstinately deserted the defendant; and he prays that the marriage between them may be dissolved for that cause. Although by force of the determination in the first case the defendant in this one will not be permitted to rely upon any part of the desertion preceding April 25th, 1912, yet, as desertion for two years only is ground for divorce, and as over six years have elapsed since the termination of the former suit, proof of

desertion for the statutory period is available to the defendant without entrenching upon the time concluded by the former case.

As confidential information concerning the marital relations of these parties communicated by Mrs. Wilber to Mr. Brown in the suit in which he represented her, which was terminated in 1912, cannot be made use of in a cross-suit between the same parties on the petitioner's cause for action which has arisen wholly since the termination of the prior suit, or on the defendant's cause for action which must necessarily be restricted to a period subsequent to the termination of that suit, it is not perceived how anything of which Mr. Brown might have been made aware by his former client in the former proceeding could possibly be used by him to her detriment in the present proceeding—the facts of which have come into existence since the termination of the relation of solicitor and client between them. And this of itself seems to be a perfect answer to the present contention.

In *Lalance & Grosjean Mfg. Co.* v. *Haberman Mfg. Co., 93 Fed. Rep. 197,* it was held:

"Attorneys who have withdrawn from a case, believing, in good faith, that the litigation is ended, will not, in case of its continuance, be enjoined from accepting a retainer from parties having an adverse interest to their former client, or from disclosing information acquired in their professional capacity from such client. In the absence of any showing to the contrary, the court will assume that such attorneys will observe all the obligations of honorable members of the bar."

That case was much stronger against the attorneys than is this one against the solicitor who is attacked. Here the former suit is ended and there will be no opportunity for the solicitor to act upon information acquired from his former client to her detriment, as the facts in the pending cause have arisen since the ending of the former one.

In *6 C. J. 620,* speaking of the rule that an attorney who has acted as such for one side may not render services professionally to the other side, it is said:

"The rule does not mean, however, that an attorney having once been employed by a client shall never thereafter appear in any matter against him; it merely forbids his appearance or acting against him where he can use to the detriment of such client, the information and confidences acquired during the existence of their relation as attorney and client."

It may be that the defendant in the pending cause should amend his cross-petition and allege a date for the commencement of the desertion which is said to have continued for two years before the filing of that pleading, averring it to have been some time subsequent to the termination of the prior suit, as desertion must be proved for the whole period between its commencement and the filing of the petition. *Orens* v. *Orens, 88 N. J. Eq. 29.* In contested causes amendments are liberally allowed. *Biddle's N. J. Div. Prac. (2d ed.) 136.* And even after hearing. *Miller* v. *Miller, 40 N. J. Eq. 475.*

The application to file an answer to the cross-petition out of time will be allowed very much as a matter of course. *Grant* v. *Grant, 84 N. J. Eq. 81.* The application to compel the defendant's solicitor to withdraw from the case will be denied.