31 N.J. Super. 14 (1954)
105 A.2d 909
JOSE GONZALEZ-FANTONY, PLAINTIFF-APPELLANT,
v.
KATHRYN B. FANTONY, DEFENDANT-RESPONDENT, AND REPUBLIC OF CUBA, INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 10, 1954.
Decided May 28, 1954.
*17 Before Judges CLAPP, FREUND and SCHETTINO.
Mr. Robert D. Grosman argued the cause for the plaintiff-appellant.
Mr. Herman W. Kapp argued the cause for the attorneys for the defendant-respondent (Messrs. Kapp Brothers, attorneys; Mr. Charles Silber, of counsel).
The opinion of the court was delivered by FREUND, J.S.C. (temporarily assigned).
The plaintiff Jose Gonzalez-Fantony appeals from a judgment dismissing the complaint, from an order denying his application to file a supplemental complaint and from an award of counsel fees to the defendant Kathryn B. Fantony in a proceeding for custody of their five-year-old daughter, Patricia. The defendant does not defend, and her attorneys appear solely for the purpose of sustaining their allowance. Unlike the usual custody proceeding involving the welfare of the infant *18 and the fitness of the parents, the issues here relate to jurisdiction and procedure.
The plaintiff husband, a native of Cuba, and the defendant wife were married in Havana and cohabited there. The defendant had previously resided in New Jersey with her mother, Rose Bergeur, and wished her child to be born here. The baby was born in Asbury Park, New Jersey, on December 25, 1948. Some months later the defendant and her infant daughter returned to Havana. In the next two years they made several visits to the defendant's mother, sometimes accompanied by the plaintiff husband. In November 1951 the defendant's mother went to Cuba to visit her daughter, and on January 9, 1952 the defendant and her mother with the child, Patricia, surreptitiously left Havana by airplane under assumed names. They have since resided in New Jersey.
The plaintiff husband followed his wife to New Jersey and on January 18, 1952 instituted this proceeding for the custody of his daughter. When the suit came on for final hearing on November 18, 1952 the court was informed that the parties had composed their differences and that the defendant had agreed in writing to return with her child to Havana shortly after January 1, 1953. In open court, the parties testified to their understanding of the terms of their settlement, and a consent judgment of dismissal was entered. However, the defendant subsequently refused to return to Cuba and the plaintiff thereupon secured an order vacating the consent judgment and reinstating the action for trial.
At the trial the court dismissed the complaint on the ground that "the question of custody should be determined in the courts of the Republic of Cuba where the parties are domiciled." However, before the judgment of dismissal was entered the plaintiff moved to supplement the complaint to set up a decree of divorce and an award of custody which he had obtained in Havana. The court denied the application "without prejudice to bringing a new action on the circumstances that have developed since the filing of the original complaint."
*19 The denial of the motion to supplement the complaint was without prejudice to the institution of a new action. Such procedure seems neither desirable nor consistent with the policy and spirit of the rules, R.R. 1:1-8 and 4:15, which were designed to advance justice and facilitate the disposition of controversies without unnecessary delay and expense. The court below found the parties to be domiciled in Cuba, and the plaintiff's application was to present a judgment of the courts of that country adjudicating an issue pertinent here, namely, the custody of the child. It would seem that both justice and expediency would be best served by permitting the plaintiff to file a supplemental complaint, and that such procedure would be more in keeping with the liberality of amendment permitted by the new rules of civil procedure. In fact, even prior to 1948 it was not unusual for the Court of Chancery which heard matrimonial actions to allow liberal amendment of pleadings. Miller v. Miller, 40 N.J. Eq. 475 (Ch. 1885); Wilber v. Wilber, 90 N.J. Eq. 7 (Ch. 1918).
Upon the argument of this appeal, certified copies of the Cuban divorce and custody proceedings were handed to this court, but that action of itself cannot bring before us the validity of the foreign decree, nor do we pass upon it. Indeed, we expressly reserve any determination in that regard  the decree may or may not be conclusive. Certain jurisdictional facts need be established before the effect of the foreign judgment may be determined. The plaintiff should have the right to submit the Cuban judgment by way of supplemental complaint, and the defendant the opportunity to raise such jurisdictional questions and set up such defenses as may be appropriate.
As to jurisdiction, it is well settled that upon marriage the domicile of the wife merges into that of the husband and "exists during coverture unless the wife acquires one elsewhere by the husband's consent, manifested by acquiescence, or abandonment, or by his delictum." Shepherd v. Ward, 5 N.J. 92 (1950); Zieper v. Zieper, 14 N.J. 551 (1954). So, too, with her residence, which as used in the statute, N.J.S. 2A:34-10, is synonymous with domicile. Voss v. *20 Voss, 5 N.J. 402 (1950); Gardner v. Gardner, 3 N.J. Super. 599 (Ch. Div. 1949), affirmed 6 N.J. Super. 270 (App. Div. 1950), affirmed 5 N.J. 411 (1950).
Moreover, the domicile of an infant is that of its father. Pieretti v. Pieretti, 13 N.J. Misc. 98 (Ch. 1935); Restatement, Conflict of Laws, sec. 144. Ordinarily, a judgment of a court of competent jurisdiction in the domiciliary state is entitled to full faith and credit under the Federal Constitution, Article IV, Sec. I  Ex parte Halvey, 185 Misc. 52, 55 N.Y.S.2d 761 (Sup. Ct. 1945); affirmed 269 App. Div. 1019, 59 N.Y.S.2d 396 (App. Div. 1945), affirmed People of State of New York ex rel. Halvey v. Halvey, 295 N.Y. 836, 66 N.E.2d 851 (Ct. App. 1946), affirmed 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947)  and is enforceable under the "comity between nations" rule, Hachez v. Hachez, 124 N.J. Eq. 442 (E. & A. 1938); Restatement, Conflict of Laws, secs. 2, 47 and 80. A custody decree is not ordinarily res judicata except as to the facts before the court at the time of the judgment, and hence if a state where the judgment was entered could change custody provisions under altered circumstances, the state of the forum may do so. Ex parte Halvey, supra; Restatement, Conflict of Laws, sec. 147.
Vice-Chancellor Howell stated in In re Williams, 77 N.J. Eq. 478 (Ch. 1910):
"* * * I see no reason in the nature of things why this court, by virtue of its general jurisdiction over infants, does not acquire the same authority and control over the care and custody of infants who are actually resident in this state as it does over infants who are actually domiciled here."
Under general equity jurisdiction for the protection of the incompetent or helpless, the mere presence of an infant within the State has been held sufficient to give a court jurisdiction of its custody. In re Erving, 109 N.J. Eq. 294 (Ch. 1931); Hachez v. Hachez, supra. In re Olcott, 141 N.J. Eq. 8 (Ch. 1947); In re Smith, 4 N.J. Super. 400 (App. Div. 1949); Woodworth v. Spring, 4 Allen 321 (Mass. Sup. Jud. Ct. *21 1862). This rule is subject to the qualification stated by Chief Justice Cardozo in Finlay v. Finlay, 240 N.Y. 429, 148 N.E. 624, 40 A.L.R. 937 (Ct. App. 1925), quoted many times in this and other jurisdictions:
"The residence of the child may not be used as a pretense for the adjudication of the status of parents whose domicile is elsewhere, nor for the definition of parental rights dependent upon status. * * * Parents so situated must settle their controversies at home. Our courts will hold aloof when intervention is unnecessary for the welfare of the child."
Accordingly, pending the litigation and determination of the validity and effect of the Cuban judgment, the court may make an order for custody and visitation in this jurisdiction. Neither father nor mother has a greater right than the other to the custody of the child. In re Jackson, 13 N.J. Super. 144 (App. Div. 1951). Here, the court below found as a fact that both parents were fit and proper persons. However, it had excluded testimony as to the character of the defendant wife. Whether or not this was error, such testimony if relevant to fitness and affecting credibility may be introduced on retrial. Isserman v. Isserman, 138 N.J. Eq. 140 (E. & A. 1946). With due regard for the welfare of the infant, especially in view of the fact that the child is a girl five years of age, she should be permitted to remain in the mother's custody pendente lite, with adequate right of visitation to the father.
We conclude that the plaintiff's application to supplement the complaint should have been granted and that the complaint should not have been dismissed. The cause is remanded so that the complaint may be supplemented and the defendant accorded the opportunity to litigate the validity and effect of the Cuban decree and other pertinent questions. In our opinion, the award of counsel fee was not unreasonable and the judgment is in that respect affirmed.