Charles Heimler, petitioner-appellant,

*v.*

Mary Koch Heimler, defendant-respondent.

[Submitted February term, 1941.  Decided May 1st, 1941.]

*Messrs. Isserman, Isserman & Kapelsohn,* for the petitioner-appellant.

The opinion of the court was delivered by

Thompson, J.

The petitioner sued the defendant for divorce on the ground of desertion.  The suit was not contested.  The advisory mas-

ter found that petitioner had presented adequate proof of acts on the part of the defendant sufficient to entitle him to a decree of divorce but for his failure to prove the jurisdictional fact of residence, for the lack of which proof a decree of dismissal was advised and entered. Petitioner appeals from that decree.

The question of residence arises out of the following state of facts: The parties were married in New York City on February 10th, 1934. They remained there for about three months, then took a trip to Europe, returning to New York on September 15th, 1934. There had apparently been an unhappy sojourn abroad, disagreement about cohabitation, and on the arrival back in New York the wife abruptly left her husband at the pier, subsequently appeared at his brother's home in New York the same night, stayed three days and then, having made known to him her dissatisfaction with the marriage, left him permanently and went to reside in New Jersey where she continued to live to the time of the beginning of the divorce suit. He continued to reside in New York during the same period.

Petitioner contends that his wife's continued residence in New Jersey as above related satisfies the requirement of our statute of divorce with respect to its provision (*R. S. 2:50-10a*) that jurisdiction may be acquired "when, at the time the cause of action arose, either party was a *bona fide* resident of this state, and has continued so to be down to the time of the commencement of the suit."

There is apparently no question that the defendant actually dwelt, or continued to live in this state during the requisite period. The dispute is about whether such dwelling or living here constituted her a resident in the sense contemplated by the legislature in the use of that term in the statute. The advisory master concluded it did not, and that the proper construction to be given the word resident, or residence, as used in the statute, is that of domicile. So interpreting it, he concluded that as the husband's domicile was in New York, and under our law the wife's domicile follows that of her husband, her legal domicile or residence was also in New York and thus excluded the jurisdiction of the Court of Chancery

to try the issue here. In adopting this view we think the advisory master was correct and had ample legal authority to support it.

The rule is well established in this state that the domicile of husband and wife is a unity and remains so during coverture except under certain conditions stated in the cases, none of which obtains in the case *sub judice*. In *In re Geiser's Will, 82 N. J. Eq. 311,* Chancellor Walker, as Ordinary, said: "It is a familiar law that upon marriage the domicile of the wife merges into that of the husband. It is a legal sequence of the nuptial contract, and the unity of domicile exists during coverture, unless the wife acquires one elsewhere by the husband's consent. This consent may be either actual or constructive, and may be manifested by acquiescence, by abandonment, or by such conduct, inimical to cohabitation, as would secure to the wife a decree of divorce *a vinculo* or *mensa et thora.*" The Chancellor reiterated this rule in the case of *Rinaldi* v. *Rinaldi, 94 N. J. Eq. 14.* In *Pennello* v. *Pennello, 97 N. J. Eq. 421,* the same rule was followed and it was there said, "Where a wife, * * * deserts her husband domiciled in another state and comes to this state without his consent and without conduct by the husband sufficient to entitle her to decree of divorce or separation, she is not domiciled in this state, notwithstanding her residence here *animo manendi,* and this court is without jurisdiction."

The petitioner cites the case of *Tracy* v. *Tracy,* decided by this court in *62 N. J. Eq. 807,* in which it was said: "A *feme covert's* residence follows that of her husband, but terminates with the reason upon which it rests, and when the union between the two ceases, and an attitude of hostility arises, they may each have different residences." We do not take the view that this case is contrary to what has been hereinbefore said regarding the present case. In the *Tracy Case* the husband was the deserter and so gave ground for the wife's residing elsewhere and by his own act interferred with her status with respect to domicile. In the present case the wife was the deserter. She could not by her wrongful act, desertion, and by the very process of its continuance, separating herself from her spouse, thereby release herself from the

status the law imposes upon her with respect to her domicile being that of her husband. Nor can the husband on his part be heard to contend that she has so released herself, for his charge of desertion is necessarily grounded in the claim that she rightfully belongs with him; that she unjustifiably and without legal cause absents herself from him; that he has done nothing upon which she may predicate any right to live apart from him; that all she has done has been without his consent, against his will; that her conduct may not be recognized by the courts as a valid exercise of right. If this be true there was no change of her domicile by the process invoked, and so no residence established such as petitioner now claims.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.