[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 601 
In this case, plaintiff, on December 7, 1948, filed his complaint against the defendant for a judgment of divorce on the ground of desertion. After due service and defendant's failure to file an answer, the matter was assigned to me for trial and heardex parte on April 26, 1949. At the conclusion thereof, the court, not being satisfied on the question of jurisdiction, decision was reserved pending an opportunity to review the proofs and the law and the right to plaintiff to file a memorandum.
Upon examination of the record, it appeared that the date of desertion was not definitely stated and that corroborative proof of continuity was lacking; also, that the plaintiff had not testified (as intended) to his disposition "not to concede to a resumption of the marriage after the accrual of the alleged desertion and the establishment of his vested right therein."
On May 23, 1949, the hearing was reopened and the aforesaid items of further proof were added to the record and, upon completion, the reservation was continued.
As appears in the proofs, the parties were married on June 7, 1919, and cohabited first in the State of New York and then in the State of New Jersey, where they took up residence in Jersey City for several years until the defendant left the home in February, 1931. While living separate, both parties continued to reside in this State until the year 1935, when plaintiff moved to the State of New York, where he has since and still resides. Defendant continued and still resides in New Jersey. It further appears that between the period of 1931 and 1935, plaintiff sought a resumption of the marriage, but was met with a refusal by the defendant to reconcile. In this respect, I find as a fact that upon the expiration of the statutory period (two years following the date of separation) the cause of the plaintiff did accrue and become vested, after which the plaintiff had a legal right to refuse to resume the marriage. However, while such finding would, under the law in a proper case, warrant a judgment in favor of the plaintiff, the record in the case sub judice
raises a doubtful question of jurisdiction. It will be noted that plaintiff (a nonresident husband) rests his right to a divorce on *Page 602 
the basis of the alleged bona fide domicile of defendant (a resident wife) in this State for a period of two years next preceding the commencement of the action, presumably within the provision of R.S. 2:50-10(a). But does the defendant here have the status of a bona fide domiciled resident in our State in the light of plaintiff's charge of her desertion, willfully and continuedly for the statutory period?
In the case of Heimler v. Heimler, 129 N.J. Eq. 497, the Court of Errors and Appeals concluded that question in the negative and affirmed the decree of dismissal because of a lack of jurisdiction. At pp. 498 and 499, the court said:
"* * * There is apparently no question that the defendant actually dwelt, or continued to live in this state during the requisite period. The dispute is about whether such dwelling or living here constituted her a resident in the sense contemplated by the legislature in the use of that term in the statute. The advisory master concluded it did not, and that the proper construction to be given the word resident, or residence, as used in the statute, is that of domicile. So interpreting it, he concluded that as the husband's domicile was in New York, and under our law the wife's domicile follows that of her husband, her legal domicile or residence was also in New York and thus excluded the jurisdiction of the Court of Chancery to try the issue here. In adopting this view we think the advisory master was correct and had ample legal authority to support it.
"The rule is well established in this state that the domicile of husband and wife is a unity and remains so during coverture except under certain conditions stated in the cases, none of which obtains in the case sub judice. In In re Geiser's Will,82 N.J. Eq. 311, Chancellor Walker, as Ordinary, said: `It is a familiar law that upon marriage the domicile of the wife merges into that of the husband. It is a legal sequence of the nuptial contract, and the unity of domicile exists during coverture, unless the wife acquires one elsewhere by the husband's consent. This consent may be either actual or constructive, and may be manifested by acquiescence, by abandonment, or by such conduct, inimical to cohabitation, as would secure to the wife a decree of divorce a vinculo or mensa et thora.' The Chancellor reiterated this rule in the case of Rinaldi v. Rinaldi,94 N.J. Eq. 14. * * *"
Further, in the cited case, the Appellate Court, distinguishing the case of Tracy v. Tracy, 62 N.J. Eq. 807, made direct reference to the obvious distinction in a case where the wife is plaintiff and one in which the husband seeks to dissolve the marriage and, 129 N.J. Eq., at pp. 499 and 500, said: *Page 603 
"* * * In the present case the wife was the deserter. She could not by her wrongful act, desertion, and by the very process of its continuance, separating herself from her spouse, thereby release herself from the status the law imposes upon her with respect to her domicile being that of her husband. Nor can the husband on his part be heard to contend that she has so released herself, for his charge of desertion is necessarily grounded in the claim that she rightfully belongs with him; that she unjustifiably and without legal cause absents herself from him; that he has done nothing upon which she may predicate any right to live apart from him; that all she has done has been without his consent, against his will; that her conduct may not be recognized by the courts as a valid exercise of right. If this be true there was no change of her domicile by the process invoked, and so no residence established such as petitioner now claims.
The decree will be affirmed."
See, also, the case of Webb v. Webb, 13 N.J. Misc. 439.
Confronted with the aforesaid adjudication, plaintiff urges the nonapplicability of that ruling to the case sub judice and argues that the domicile of the defendant here is bona fide for the required purpose because the separation, the vested accrual, and the plaintiff's conclusion to exercise his right not to resume the marriage in the case at bar all occurred while both parties continued their residences in this State, whereas, inHeimler v. Heimler, supra, the cause arose in a foreign state and there was no vested accrual or action thereunder while the parties were jointly domiciled here. Assuming such variance of circumstances, I cannot agree that the case at bar is thereby distinguishable from the cited cases to give the necessary jurisdiction to support a judgment for plaintiff.
It is settled law that the focal point in the question of domicile in matrimonial cases is the intention of the party, viz., animus manendi, to continue his or her residence, or viz., animo revertendi, to return to that residence. Neither such situation on the part of the defendant is shown in the proofs in the case sub judice. Whatever may be said of the effect of the adoption of plaintiff's vested right, the record contains no proof of any resulting change in defendant's domicile from that of the plaintiff. Surely, the mere act of plaintiff to exercise his vested right does not force upon the defendant abona fide domicile at any particular place. If a wife may *Page 604 
not change her domicile until the dissolution of the marriage, except upon the actual or constructive consent of the husband, his action will not establish a residence for her.
On the other hand, a denial of the relief sought does not leave the plaintiff without a right under the accrual. He is free to re-establish his residence here and if continued for a period of two years, file his complaint for a judgment under his accrued action. See Adler v. Adler, 110 N.J. Eq. 381.
Moreover, to conclude in favor of a distinction in the case at bar and the sound reasoning of the opinions in Heimler v.Heimler and Webb v. Webb, supra, would result in aiding migratory divorces needlessly and give unnecessary importance in our courts to the marital status of nonresidents.
In view of what has been said, I believe the complaint should be dismissed because of the lack of jurisdiction in this court to do otherwise.
Counsel will please prepare and send me a judgment of dismissal and same will be advised.
 *Page 1