6 N.J. Super. 270 (1950)
71 A.2d 131
BARNET GARDNER, PLAINTIFF-APPELLANT,
v.
YETTA GARDNER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1949.
Decided February 3, 1950.
*271 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Harry Indursky argued the cause for plaintiff-appellant.
*272 The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The husband's complaint for divorce on the ground of desertion was dismissed in the Chancery Division because of lack of jurisdiction. The defendant filed no answer and the hearing was ex parte.
The learned Advisory Master found that the parties were married in New York City in 1919 and cohabited first in the State of New York and then in New Jersey; they resided in Jersey City, New Jersey, for several years before the wife deserted her husband in February, 1931; thereafter, although living apart, both continued to reside in New Jersey until 1935 when the husband moved to New York, where he has since resided; the wife, however, continued to reside in New Jersey, and resided here on December 7, 1948, when the husband instituted this suit for divorce. Further, he found that "between the period of 1931 and 1935, plaintiff sought a resumption of the marriage, but was met with a refusal by the defendant to reconcile" and that the husband's cause of action accrued and became vested in February, 1933, "after which the plaintiff has a legal right to refuse to resume the marriage." Relying on Heimler v. Heimler, 129 N.J. Eq. 497 (E. & A. 1941), and Webb v. Webb, 13 N.J. Misc. 439 (Ch. 1934), he dismissed the complaint on the ground that the Court lacked jurisdiction because the requirements of R.S. 2:50-10 were not met.
The husband argues that the Court had jurisdiction under R.S. 2:50-10(a), which provides that jurisdiction may be acquired "a. When, at the time the cause of action arose, either party was a bona fide resident of this state, and has continued so to be down to the time of the commencement of the suit, except that no suit for absolute divorce shall be commenced for any cause other than adultery, unless one of the parties has been for the two years next preceding the commencement of the suit a bona fide resident of this state." To meet the test of "bona fide resident" under this statute, domicile must be proven. Heimler v. Heimler, above.
The husband concedes that under the Heimler and Webb cases his wife, under the circumstances of this case, could not *273 acquire a separate domicile here, during the two-year period before the cause of action vested, sufficient to meet the requirements of R.S. 2:50-10(a). He argues, however, that when the cause of action vested, his wife was forced to acquire a separate domicile, either by operation of law or by an implied consent or acquiescence on his part, and that she did acquire that separate domicile here.
The question for decision is whether, under the standard of domicile set up by this state in R.S. 2:50-10(a), this wife acquired a domicile here at the time the cause of action arose. We are not dealing with the question of whether New Jersey has power to set up a standard of domicile sufficient to give our Courts jurisdiction, under which standard a deserting wife may acquire a domicile without the consent or acquiescence of her husband. Williams v. North Carolina, 317 U.S. 287, 87 L.Ed. 279 (1942), settled the question that a state has the power. Cf. Shepard v. Ward, 6 N.J. Super. 130 (App. Div. 1950); Boardman v. Boardman, 135 Conn. 124, 62 A.2d 521 (Sup. Ct. of Errors 1948); Restatement, Conflict of Laws, § 28, as changed by 1948 Supplement.
The standard of domicile set up by this State under R.S. 2:50-10(a), which must be met to give jurisdiction to our courts, was considered in the Heimler and Webb cases.
In the Heimler case the parties were married in New York City on February 10, 1934; they remained there for about three months, then took a trip to Europe, returning to New York on September 15, 1934. There had apparently been an unhappy sojourn abroad and disagreement about cohabitation. On arrival back in New York the wife abruptly left her husband at the pier; subsequently appeared at his brother's home in New York the same night; stayed three days and then, having made known to her husband her dissatisfaction with the marriage, left him permanently and went to reside in New Jersey, where she continued to live to the time of the commencement of the divorce suit. He continued to reside in New York during the same period. The husband, in his petition for divorce on the ground of desertion, contended that his wife's continued residence in New Jersey, as above related, *274 satisfied the residence requirement of R.S. 2:50-10(a). The Court, in holding that the statutory requirement was not met, said that "the wife was the deserter. She could not by her wrongful act, desertion, and by the very process of its continuance, separating herself from her spouse, thereby release herself from the status the law imposes upon her with respect to her domicile being that of her husband."
In the Webb case the parties were married in this State in 1922; in 1926 the husband prepared a new home in the State of New York to be near his employment, but his wife refused to accompany him. In 1934 he sought a divorce in New Jersey based on her desertion, relying on her continued residence here to satisfy the requirements of section 6(a) of the 1907 Divorce Act (now R.S. 2:50-10(a)). The Court, in holding that it lacked jurisdiction, said:
"When the husband in 1926 removed from this state to New York and his wife, without warrant in law, refused to accompany him and cohabit there, her domicile, nevertheless, thereafter became that of her husband and continued to be such. And that is so despite the fact that she may have continued to reside in this state. He changed the matrimonial domicile lawfully to New York and she simply refused physically to accompany him. His act did not constitute misconduct on his part, nor justification for his wife then to select a separate residence in the sense of domicile."
In order to avoid the effect of the language of the Heimler and Webb cases (quoted above), the husband argues that this case should be distinguished. He points out (1) that his cause of action accrued in New Jersey at a time when both parties were domiciled here, while in the Heimler and Webb cases the husband's cause did not accrue in New Jersey because of the application of the rule of identity of domicile of husband and wife; (2) that between 1933 and 1935, while his domicile continued in New Jersey, he could have obtained a divorce and he should not now be penalized for not having instituted his action within that period; and (3) that his wife has resided here continuously for sixteen years since the cause accrued. Based on these distinctions, but without any citation of authority, he urges us to hold that, at the time *275 the cause of action vested in him, his wife was forced to acquire a separate domicile, either by operation of law or by an implied consent or acquiescence on his part. Whatever weight these distinctions might have in considering whether a change should be made in the rule laid down in the Heimler case, we feel bound by the rule of that case and conclude that the wife could not, by her wrongful act, desertion, and the very process of its continuance, thereby release herself from the status our law imposes upon her with respect to her domicile being that of her husband.
The question whether the deserting wife may acquire a domicile here, sufficient to meet the requirements of our statute, when or after the cause vests in the husband, if the husband, by word or act, communicates to his wife his consent to her acquiring a separate domicile, or if he communicates to her his refusal to be thereafter reconciled with her, is not before us.
The judgment under appeal is affirmed.