EMIL VOSS, PLAINTIFF-APPELLANT, v. MABEL VOSS, DEFENDANT-RESPONDENT.

Argued September 18, 1950—Decided October 16, 1950.

*Mr. Joseph L. Freiman* argued the cause for the appellant.

The opinion of the court was delivered by

OLIPHANT, J.  This is a matrimonial case in which plaintiff appeals from a dismissal of his complaint whereunder he sought a divorce from the defendant on the ground of desertion.  Certification to the Superior Court, Chancery Division, was petitioned for and granted.

The defendant was served personally with process but she filed no answer or other response nor did she appear in the suit.

Plaintiff's proof showed that the parties were married January 26, 1914; that the defendant deserted the petitioner in April of 1927; and that both plaintiff and defendant were residents and domiciled in this State from the date of their marriage to March, 1948.  At that time the plaintiff moved

to Hillburn, in the State of New York, the defendant remaining a resident of this State. It will thus be seen that a nonresident husband sought a divorce under our statute from a resident wife on the ground of her wilful, obstinate and continued desertion, basing his right therefor upon her domicile here to support jurisdiction.

We are in accord with the determination of the Advisory Master that the issue was not one within the jurisdiction of our courts.

This action was brought under *R. S.* 2:50–10, *par.* (*a*):

"When, at the time the cause of action arose, either party was a *bona fide* resident of this state, and has continued so to be down to the time of the commencement of the suit, except that no suit for absolute divorce shall be commenced for any cause other than adultery, unless one of the parties has been for the two years next preceding the commencement of the suit a *bona fide* resident of this state."

Both parties were domiciled in this State not only at the time of the wife's desertion in April, 1927, but until the husband moved to New York in March, 1948. They were both residents of New Jersey when the cause of action arose in 1929 and the first jurisdictional prerequisite was met. But the second prerequisite of continued *bona fide* residence in New Jersey preceding the commencement of the suit by one of the parties has not been established.

In every suit for divorce it becomes necessary to ascertain, in order for the court to acquire jurisdiction, the *situs* of the status or *res*. In the absence of a marital offense by the husband or unless the wife acquires a domicile elsewhere by his acquiescence or consent, or by such misconduct inimical to the union as justifies her in selecting another, the matrimonial domicile of the wife merges with that of the husband. *Rinaldi v. Rinaldi*, 94 *N. J. Eq.* 14 (*Ch.* 1922); *Webb v. Webb*, 13 *N. J. Misc.* 439 (*Ch.* 1934); *Heimler v. Heimler*, 129 *N. J. Eq.* 497 (*E. & A.* 1941); *Shepherd v. Ward*, 5 *N. J.* 92 (1950).

The words *"bona fide* resident" as used in the statute are synonymous with domicile and mean that the parties or

either of them must be actually domiciled within the State. *Williams v. North Carolina,* 325 *U. S.* 226, at *pp.* 229 and 240, 65 *S. C.* 1092, 89 *L. Ed.* 1577; *Magowan v. Magowan,* 57 *N. J. Eq.* 322 (*E. & A.* 1899); *Tracy v. Tracy,* 62 *N. J. Eq.* 807 (*E. & A.* 1901); *Wallace v. Wallace,* 65 *N. J. Eq.* 359 (*E. & A.* 1903); *Duke v. Duke,* 70 *N. J. Eq.* 135 (*Ch.* 1905); affirmed, 72 *N. J. Eq.* 434 (*E. & A.* 1906). The continuity of domicile at the commencement of the action under subdivision (a) is exacted in order that the marital status or *res* will have its *situs* in this State. If either of the parties is non-resident at the time of the commencement of the action, then the party upon whose. *bona fide*' residence jurisdiction depends must have established a legal domicile here and continued to be domiciled in this State for two years next preceding the institution of suit.

A husband does not acquire any new rights because of the accrual of the cause of action in this State for the reason that a divorce is not punishment for a wrong done by one spouse to another but is the result of the determination of the state concerned, that is the state of domicile, that a longer continued marital relation between the parties would be contrary to the policy of the law. Divorce, in short, is not a punishment for an act; it is the reaction of the state to the effect of an act upon the marital relations. The state where that effect is felt, that is the state of domicile, judges that as a result of the act the longer continuance of the marital relation is undesirable. *Beale's Conflict of Laws,* § 110.4, *p.* 472.

This being so, under the facts exhibited here, the state of domicile which would be concerned with the continuance of the marital relations of these parties is the State of New York which is where the *situs* of the marital *res* is.

There is nothing to prevent the husband re-establishing his residence here and bringing his suit after having been domiciled here for two years next preceding its institution. *Cf. Adler v. Adler,* 110 *N. J. Eq.* 381 (*Ch.* 1932).

The plaintiff argues that when the statutory period of two years immediately following the act of desertion by the

wife had expired in April, 1929, her right to return home was gone; the rights given him by the statute had become vested and he cannot be deprived of those rights except by his own act. This is undoubtedly the law, *Gordon v. Gordon,* 89 *N. J. Eq.* 535 (*E. & A.* 1918); *Kohler v. Kohler,* 94 *N. J. Eq.* 474 (*E. & A.* 1922), and on this legal proposition it is claimed that the accrual of a vested right to a divorce for a desertion dissolved the fictional unity of domicile from the time of such accrual and that defendant's continued residence here must be considered as establishing her separate domicile for the purpose of sustaining jurisdiction.

This argument is a *non sequitur.* While a vested cause of action may have accrued to the plaintiff in 1929 that fact alone did not in the eyes of the law automatically terminate the marital status and the incidents arising therefrom, such as unity of domicile, where, as here, the defendant wife and not the husband is the marital offender. In our Divorce Act the jurisdictional requirements necessary to establish or acquire the cause of action were distinct and separate from those required to actually maintain it. The mere accrual of a right of action for divorce on the ground of a wife's desertion does not, at that stage, sever the unity of domicile.

Plaintiff says his position is supported by the general language pertaining to the duration of the marital domicile appearing *In re Geiser's Will,* 82 *N. J. Eq.* 311 (*Prerog.* 1913). This was a will case which involved the domicile of a testator but the general rule therein stated was restated in *Rinaldi v. Rinaldi, supra,* and *Pennello v. Pennello,* 97 *N. J. Eq.* 421 (*Ch.* 1925), matrimonial actions. In the *Geiser case* Chancellor Walker referred to abandonment or such conduct as would entitle the wife to a decree of divorce. Under such circumstances the husband's abandonment or consent to the separation would be apparent and manifest and would supply the elements necessary to the maintenance of the cause of action, separate domiciles.

Plaintiff testified that from 1935, which was six years after his cause of action accrued, and up to the time he filed

his complaint in this action, in 1948, he had "no intention" of taking his wife back as he was "disgusted" because "I had pleaded so much for her to come back with me and she had refused me so many times." From this it is argued that he, in effect abandoned his wife in 1935 and that at that time the unity of domicile was dissolved. It is said that this abandonment or consent to his wife living apart from him transformed her continued residence here, at least from 1935, into a separate domicile of her own so that when he moved to New York in 1948 her domicile did not follow his but remained here. Of course, if this argument is sound the jurisdictional requirement is established as she would have been a continuous *bona fide* resident here from that time down to the institution of this suit.

The argument, however, is not sound for two reasons. First, the record is barren of any evidence that after the plaintiff had formed the intention of not taking his wife back with him he ever communicated such intention to her. Therefore her continued living in New Jersey apart from him cannot be said to have influenced or controlled her in maintaining a separate domicile of her own. From his many previous requests for her return she might well have been left with the impression that he still wanted her back and that the unity of domicile continued.

To effect a separate domicile by the wife there must be more than passive consent and acquiescence to such a marriage state on the part of the husband. There must be something brought home to the wife evidencing his desire for a separate domicile, he must make his attitude known to her. One cannot by an undisclosed intention of abandonment sever the legal concept of unity of domicile which the desertion would not otherwise have achieved.

To say that, after a cause of action for divorce has accrued, a husband can give to his deserting wife a separate domicile by physically abandoning her is to admit either that there never had been a desertion by the wife and therefore no cause of action or that after another two-year period the deserting

wife will have a valid claim against her husband for divorce on the grounds of a subsequent desertion. This is fantastic; one cannot desert a deserter.

In the second place the vested right to a cause of action for divorce may be waived, and the general policy of the law of divorce favors rather than discourages such waiver. The plaintiff's present position on the question of his wife's domicile is at variance with the theory upon which his complaint is rested. While the case of *Heimler v. Heimler, supra,* is factually distinguishable on the facts from those of the case *sub judice,* nevertheless the basic principles there set forth are applicable here. In that case the marriage took place in New York and the wife left her husband in September, 1934, and took a separate dwelling or abode in New Jersey where she continued to live down to the institution of the husband's suit for divorce on the ground of her desertion, which was several years after the cause of action for divorce had accrued, he remaining all the while a resident of New York. At page 499 of the opinion the court said:

"In the present case the wife was the deserter. She could not by her wrongful act, desertion, and by the very process of its continuance, separating herself from her spouse, thereby release herself from the status the law imposes upon her with respect to her domicile being that of her husband.

"Nor can the husband on his part be heard to contend that she has so released herself, for his charge of desertion is necessarily grounded in the claim that she rightfully belongs with him; that she unjustifiably and without legal cause absents herself from him; that he has done nothing upon which she may predicate any right to live apart from him; that all she has done has been without his consent, against his will; that her conduct may not be recognized by the courts as a valid exercise of right. If this be true there was no change of her domicile by the process invoked, and so no residence established such as petitioner now claims."

The case of *Tracy v. Tracy, supra,* is not contrary to what has been hereinbefore said regarding the present case and it was so held in the *Heimler case, supra.* In the *Tracy case* the husband was the deserter. Nor is the case of *Adler v. Adler, supra,* in point for, there too, the deserter was the

husband and so gave ground for the wife's residing elsewhere and by his own act interfered with her status with respect to domicile.

The trial court correctly found that neither party had a legal domicile in this State and therefore the court was without jurisdiction.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.