14 N.J. Super. 580 (1951)
82 A.2d 482
DOMINICK ANTONELLI, PLAINTIFF,
v.
ANN ANTONELLI, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided July 20, 1951.
*582 Mr. Stephen Mongiello, attorney for the plaintiff.
PINDAR, A.M.
The gravamen of the complaint filed in this cause involves the right of a non-resident husband, as plaintiff, to a judgment for divorce here on the ground of adultery, whereupon he alleges a bona fide residence of the defendant wife in this State. The cause is statutory and brought under the provisions of R.S. 2:50-2 (a), and thus the desired relief must rest upon the jurisdictional requisite of our Divorce Act. Failure to show such authority in the court is fatal and will necessitate the entry of a judgment of dismissal. Defendant was served personally in this State, but filed no answer or appearance, and upon due assignment the cause was heard ex parte.
At the opening of the trial the court on its own motion raised and reserved the question of jurisdiction, but permitted plaintiff to offer his proofs, so that in the event the cause was sustainable, to have the advantage of the judgment sought if a determination herein, adverse to him on the jurisdictional question, should be reversed on appeal.
The parties were married December 11, 1943, and cohabited together at 65 Park Avenue in the City of Hoboken, New Jersey, until 1944 when defendant left the home. Plaintiff continued to live at the said residence until 1946 when with a child of the marriage he moved to Staten Island, New York, where he has since resided. The marriage was not resumed after 1946. Defendant has continued to reside in Hoboken. The adultery is charged with one Louis Segro during the periods of April and December, 1948; January and December, 1949, and January and September, 1950, at Hoboken, where he and defendant lived as man and wife. It is also charged that a child fathered by Segro was born to defendant. The named co-respondent, although given notice as required by *583 Rule 3:86, did not intervene, and when called as a witness for plaintiff, admitted his guilt. No denial was made by defendant. In addition the record contains plenary proof of the offense charged to warrant the entry of a judgment nisi, but I am constrained to deny the relief sought and to dismiss the complaint because of a lack of jurisdiction. In this respect it is significant to observe that plaintiff established his residence in New York State prior to the instances of adultery, and therefore plaintiff was not a bona fide resident of this State "at the time the cause of action arose" nor has he "continued so to be down to the time of the commencement of the suit." Such indubitable residentiary status of plaintiff will not bestow jurisdiction, and unless defendant's residence alone can be considered to be bona fide, neither party will have possessed a statutory residence at the time this suit was commenced.
As set forth in the pleading, plaintiff at the time of the commencement of the suit resided at 15 Delaware Avenue, Dongan Hills, Staten Island, New York. No incident of plaintiff's residence in New Jersey is pleaded as to either his animus manendi or animo revertendi, and neither is supported by the proofs. The only jurisdictional premise upon which this court is asked to adjudicate the cause sub judice is the alleged bona fide domicile of defendant, which is not sustainable in the record according to the standard fixed by the prevailing statute, R.S. 2:50-10 (a). That provision is as follows:
"a. When, at the time the cause of action arose, either party was a bona fide resident of this state, and has continued so to be down to the time of the commencement of the suit, except that no suit for absolute divorce shall be commenced for any cause other than adultery, unless one of the parties has been for the two years next preceding the commencement of the suit a bona fide resident of this state;" (underscoring mine).
The effect of a lack of jurisdiction has been long settled by a line of cases cited in the recent opinion of our Supreme Court in the case of Voss v. Voss, 5 N.J. 402 (1950). In that case the court at page 406 said:
*584 "In every suit for divorce it becomes necessary to ascertain, in order for the court to acquire jurisdiction, the situs of the status or res. In the absence of a marital offense by the husband or unless the wife acquires a domicile elsewhere by his acquiescence or consent, or by such misconduct inimical to the union as justifies her in selecting another, the matrimonial domicile of the wife merges with that of the husband. Rinaldi v. Rinaldi, 94 N.J. Eq. 14 (Ch. 1922); Webb v. Webb, 13 N.J. Misc. 439 (Ch. 1934); Heimler v. Heimler, 129 N.J. Eq. 497 (E. & A. 1941); Shepherd v. Ward, 5 N.J. 92 (1950)."
And at page 407, the court further said:
"A husband does not acquire any new rights because of the accrual of the cause of action in this State for the reason that a divorce is not punishment for a wrong done by one spouse to another but is the result of the determination of the state concerned, that is the state of domicile, that a longer continued marital relation between the parties would be contrary to the policy of the law. Divorce, in short, is not a punishment for an act; it is the reaction of the state to the effect of an act upon the marital relations. The state where that effect is felt, that is the state of domicile, judges that as a result of the act the longer continuance of the marital relation is undesirable. Beale's Conflict of Laws, § 110.4, p. 472.
This being so, under the facts exhibited here, the state of domicile which would be concerned with the continuance of the marital relations of these parties is the State of New York which is where the situs of the marital res is.
There is nothing to prevent the husband re-establishing his residence here and bringing his suit after having been domiciled here for two years next preceding its institution. Cf. Adler v. Adler, 110 N.J. Eq. 381 (Ch. 1932)."
In fact, plaintiff does not contend the rule of jurisdiction to be otherwise, but by ingenious argument in the case sub judice urges a distinction to avoid the applicability of the established law. It is submitted that whereas the gravamen of the complaint at bar is adultery, and that the expounded authorities relate to cases grounded on desertion, such variance gives rise to plaintiff's cause although founded upon the residence of defendant's wife in this State. The force of this argument suggests that the apparent guilt of adultery amounts to plaintiff's consent that defendant may establish for herself a bona fide domicile here independent of *585 him. But that contention misconstrues the effective meaning given to jurisdiction by consent as laid down in the cited cases upon the acquirement of a separate matrimonial domicile by a wife. The element of consent is held available to her in the event of a husband's marital misconduct, but is not intended to hold that by consent a husband could accomplish his own cause of divorce for a wife's violation of a matrimonial duty. In other words the asserted rule does not operate conversely. To accept jurisdiction on the basis contended would improvidently accord to a suitor the right to create a legal remedy without statutory or judicial sanction. Likewise, there would exist a fundamental danger of opening the door to the violently abhorred collusive problem in actions for divorce. Furthermore, to adopt plaintiff's contention and accede to him in the cause sub judice jurisdictional status, would give impetus to migratory divorces needlessly, and unnecessary importance in our courts to the marital status of non-residents.
Moreover, mere consent will not suffice for the bona fide residence required by the Divorce Act in the absence of corroborative proof that the party upon whose bona fide residence the cause is based also possessed such status by personal intention. No expressed desirous action by one of the parties will dominate the course of the other as to domicile. To the factum of residence must be added animus manendi. The record contains no proof that the defendant here acquired a bona fide residence in this State. The testimony of the plaintiff that when defendant informed him of the illicit relations, he said, "Well, I wish you lots of luck and hope the baby is alright," is wholly insufficient to accord the necessary jurisdictional status.
In the case of Voss v. Voss, supra, at page 409, the court said:
"To effect a separate domicile by the wife there must be more than passive consent and acquiescence to such a marriage state on the part of the husband. There must be something brought home to the wife evidencing his desire for a separate domicile, he must make *586 his attitude known to her. One cannot by an undisclosed intention of abandonment sever the legal concept of unity of domicile which the desertion would not otherwise have achieved."
No law, judicial or statutory, supporting the legal efficacy of plaintiff's position is submitted and my research fails to disclose any. Except I do find a determination refusing jurisdiction because the proof failed to show a bona fide residence of a wife in the adultery suit of a husband who had a doubtful domicile in this State. In the case of McCormack v. McCormack, 3 N.J. Misc. 624 (Ch. 1922), in an opinion by Vice-Chancellor Buchanan, the court at page 625 said:
"The jurisdiction of this court in divorce causes is statutory. By our statute, in suits for divorce for adultery, it is made essential to jurisdiction that at the time of the adultery one or the other of the parties was a bona fide resident of this State and has so continued down to the commencement of suit; or that since the adultery, one of the parties has become such resident and has so continued for at least two years next preceding the commencement of suit.
Residence, under this statute, means legal domicile. Mason v. Mason, 69 N.J. Eq. 292; Rinaldi v. Rinaldi, 94 N.J. Eq. 14.
The petition alleges the residence of the wife in this State at and from the time of the adultery to the commencement of suit.
The legal domicile of the wife is that of the husband  she cannot acquire a separate domicile of her own, unless by his consent or by reason of his misconduct. Rinaldi v. Rinaldi, supra; Floyd v. Floyd, 2 N.J. Adv. R. 638 [95 N.J. Eq. 661, 124 A. 525]; Pennello v. Pennello, 3 N.J. Adv. R. 792 [N.J. Ch., 128 A. 596]."
Accordingly, I believe the settled law of jurisdiction required in divorce cases grounded on desertion is as well pertinent and controlling in suits brought for adultery, and for that matter also in causes where the gravamen charged is extreme cruelty.
I shall advise that the complaint be dismissed.