16 N.J. Super. 439 (1951)
84 A.2d 753
DOMINICK ANTONELLI, PLAINTIFF-APPELLANT,
v.
ANN ANTONELLI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 19, 1951.
Decided December 4, 1951.
*440 Before Judges JACOBS, BIGELOW and COLIE.
Mr. Stephen Mongiello argued the cause for the appellant.
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal by the plaintiff husband from a judgment entered in the Chancery Division dismissing for lack of jurisdiction his action for divorce against the defendant wife.
The parties were married in 1943 and lived together in Hoboken, New Jersey, until the following year when the defendant left their home. In 1946 the plaintiff moved to Staten Island, New York, where he has since resided with his mother. He instituted an action for divorce in the New *441 Jersey Court of Chancery charging desertion but it was dismissed without prejudice in September, 1948. Shortly thereafter he saw the defendant in Hoboken pushing a baby carriage containing her infant son. She told the plaintiff to meet her new baby and that she was living with some fellow by the name of Louis. He wished her luck with her child and told her to keep on living with Louis. In October, 1950, the plaintiff filed his present complaint for divorce charging adultery. No answer was filed and at the hearing in May, 1951, it clearly appeared that the defendant was then, and ever since May, 1948, had been, living in open adultery with Louis Segro at their home in Hoboken. The lower court determined that the plaintiff was domiciled in New York; that the defendant was also domiciled with the plaintiff in New York within the legal concepts expressed in Voss v. Voss, 5 N.J. 402 (1950); and that since neither party was domiciled in New Jersey the Chancery Division had no jurisdiction to entertain the action.
The common law envisioned marriage as merging the wife's identity with that of her husband (1 Bl. Comm. 442) and she was subjected to extensive disabilities including the right to establish her own domicil. 1 Beale, Conflict of Laws, 197 (1935). However, most of these disabilities were abolished by pre-20th Century legislation and at the turn of the century we find decisions supporting the unrestricted right of a married woman to establish a separate domicil. See Chapman v. Chapman, 129 Ill. 386, 21 N.E. 806 (1889); Shute v. Sargent, 67 N.H. 305, 36 A. 282 (1893); In re Walker, 54 Misc. 177, 105 N.Y.S. 890 (1907). In recent years decisions to the same effect have been more frequent; sufficiently so that the American Law Institute has felt free to adopt forthrightly the modern realistic view that "If a wife lives apart from her husband, she can have a separate domicil." Restatement, Conflict of Laws (1948 Supplement), § 28. See Boardman v. Boardman, 135 Conn. 124, 62 A.2d 521 (1948); Younger v. Gianotti, 176 Tenn. 139, 138 S.W.2d 448 (1940); Commonwealth v. Rutherfoord, 160 Va. 524, 169 S.E. 909 *442 (1933); 78 U. of Pa. L. Rev. 780 (1930); 47 Harv. L. Rev. 348 (1933); 20 Va. L. Rev. 244 (1933); 29 B.U.L. Rev. 272 (1949).
In New Jersey the common law disabilities of the wife have generally been removed (cf. Bendler v. Bendler, 3 N.J. 161, 174 (1949)) and although the advanced view of the restatement has not yet been adopted (R.S. 37:2-3; Webb v. Webb, 13 N.J. Misc. 439, 442 (Ch. 1934)) our courts have recognized that, under appropriate circumstances, a wife may have a separate domicil. Herr, Marriage, Divorce and Separation (2d ed. 1950), p. 68. Thus in Tracy v. Tracy, 62 N.J. Eq. 807, 810 (E. & A. 1900) a wife who was deserted in New York thereafter established her permanent residence in New Jersey and was held to be domiciled in our State within the contemplation of our Divorce Act. In the course of its opinion the Court of Errors and Appeals said: "A feme covert's residence follows that of her husband, but terminates with the reason upon which it rests; and when the union between the two ceases, and an attitude of hostility arises, they may each have different residence." See also In re Simpson, 136 N.J. Eq. 597, 601 (Prerog. Ct. 1945) where the court noted that "when the reason for the doctrine of unity of domicile ceases to exist, the rule itself should fall. Shute v. Sargent, supra; Williamson v. Osenton, 232 U.S. 619; 34 S.Ct. 442, 443; 58 L.Ed. 758. In this latter case Mr. Justice Holmes characterized this reason as `the now vanishing fiction of identity of person.'"
Notwithstanding the breadth of the language in the Tracy case, later decisions of our court of last resort have declined to recognize any unrestricted right in the wife to establish a separate domicil where the breaking of the home was due to her wrongdoing. Heimler v. Heimler, 129 N.J. Eq. 497 (E. & A. 1941). Thus the Supreme Court in Shepherd v. Ward, 5 N.J. 92, 106 (1950) expressed its currently prevailing view to be that the unity of domicil continues "unless the wife acquires one elsewhere by the husband's consent, manifested by acquiescence, or abandonment, or by *443 his delictum." In Voss v. Voss, 5 N.J. 402 (1950) the husband moved to New York and his deserting wife remained resident within New Jersey. In due course he instituted his action for divorce in New Jersey charging willful, continued and obstinate desertion and contending that he had acquiesced in his wife's having a separate domicil. In dismissing his action the court found that his attitude had never been brought home to his wife and, furthermore, that his alleged acquiescence was inconsistent with his claim of willful, continued and obstinate desertion.
In the instant matter the record discloses that when the plaintiff met the defendant in Hoboken and was told that she was living there with another man and had given birth to his child, he no longer wanted her back and their living apart thereafter was with his consent or acquiescence. At that time his attitude was sufficiently brought home to her within the requirement of the Voss case, and unlike the situation there presented his action for divorce was grounded upon adultery and was not inconsistent with his claim that he acquiesced in his wife's establishment of a separate domicil in New Jersey. In light of the undisputed circumstances we are satisfied that, in fact and within the confines of the controlling legal principles, the defendant was domiciled in New Jersey and the lower court had jurisdiction to entertain the plaintiff's action under R.S. 2:50-10.
Reversed.